**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES SMITH, on behalf of himself and all others similarly situated, and on behalf of the TRIAD MANUFACTURING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | ) ) ) ) ) | NO.: 1:20-CV-02350 |
| Plaintiffs, | ) ) ) | JUDGE: GUZMAN |
| vs. | ) ) | MAG. JUDGE: KIM |
| GREATBANC TRUST COMPANY; THE BOARD OF DIRECTORS OF TRIAD MANUFACTURING, INC.; DAVID CAITO; ROBERT HARDIE; and MICHAEL McCORMICK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL ARBITRATION AND/OR DISMISS**

Plaintiff James Smith ("Smith") seeks to bring this action on behalf of himself, those similarly situated, and the Triad Manufacturing, Inc. Employee Stock Ownership Plan ("Plan") alleging certain violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). However, Smith cannot bring those claims in this Court because they are subject to a mandatory arbitration and class waiver provision in the controlling Plan document. Therefore, Defendants the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, and Michael McCormick (collectively, the "Triad Defendants") respectfully request this Honorable Court stay all proceedings and compel Smith to arbitrate his claims. In the alternative, the Triad Defendants request this Court dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(3) and/or (b)(6) to allow the parties to commence arbitration.

### I.     RELEVANT FACTS

On April 15, 2020, Smith, on behalf of himself, the Plan participants and beneficiaries, and the Plan filed a lawsuit against the Triad Defendants and GreatBanc Trust Company ("GreatBanc") (collectively, the "Defendants") alleging that the Defendants violated ERISA Sections 502(a)(2) and (a)(3) (29 U.S.C. §§ 1132(a)(2) and (a)(3)) arising from the creation of the Plan and the sale of Triad Manufacturing, Inc.'s ("Triad") stock to the Plan at what Smith alleges was an inflated value. (Doc. 1, ¶¶ 1-3). Smith was a Triad employee from 2015 through 2016. (Doc. 1, ¶ 18). In or around 2015, Smith alleges he was twenty-percent (20%) vested in shares of Triad stock allocated to his individual Plan account. (Doc. 1, ¶ 18). Smith continued to participate in the Plan until 2019, when he withdrew his distribution from the Plan. (Doc. 1, ¶ 19). Smith asserts that he "has a colorable claim to additional retirement benefits from the [Plan] because his distribution" was less than he would have received but for Defendants' alleged ERISA violations. (Doc. 1, ¶ 19). As a result, Smith filed the instant class-action lawsuit with this Court on behalf of "[a]ll participants in the [Plan] on or after December 17, 2015 who vested under the terms of the Plan and those participants' beneficiaries…". (Doc. 1, ¶ 99).

However, the controlling Plan document contains an enforceable mandatory "ERISA Arbitration, Class Action Waiver, and Limitation of Actions" provision that became effective on July 17, 2018 (the "Arbitration Provision"), prior to the distribution of Smith's benefits from the Plan. The Arbitration Provision provides, in part, as follows:

- Any claim made by or on behalf of an Eligible Employee, Participant or Beneficiary (a "Claimant") which arises out of, relates to, or concerns this Plan, the Trust Agreement, or the Trust, including without limitation, any claim for benefits under the Plan, Trust Agreement, or Trust; any claim asserting a breach of, or failure to follow the Plan or Trust; and any claim asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty, ERISA § 510 claims, and claims for failure to timely provide notices or information required by ERISA or the Code (collectively, "Covered Claims") shall be resolved exclusively by binding

arbitration administered in accordance with the National Rules for the Resolution of Employment Disputes (the "Rules") of the American Arbitration Association ("AAA") then in effect.

- For all other disputes [other than claims under ERISA §§ 502(a)(1)(B) or 502(c)], the Covered Claims shall be submitted to and decided by three (3) arbitrators. Claimant shall assert all Covered Claims in the same arbitration and shall not split Covered Claims.

- The arbitration proceeding shall be held in St. Louis, Missouri, or at such other place as may be selected by mutual agreement of the parties.

(Declaration of McCormick, Ex. D, Art. 22(a), (d)).[1] Because of the Arbitration Provision, including its Class Action Waiver, Smith may only pursue his claims in arbitration.

## II. STANDARD OF REVIEW

"Congress passed the Federal Arbitration Act ("FAA") to codify the federal policy favoring the resolution of disputes through arbitration." *Sanders v. JGWPT Holdings, LLC*, No. 14 C 9188, 2017 U.S. Dist. LEXIS 158138, at *9 (N.D. Ill. Sep. 27, 2017). "Section 3 of the FAA requires courts to stay a proceeding and to compel the arbitration of any matter covered by a valid arbitration agreement." *Id.* (citing 9 U.S.C. § 3) (citing *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344 (2011)). "A federal court may compel arbitration where there is (1) a written agreement to arbitrate, (2) a dispute within the scope of the agreement, and (3) a refusal to arbitrate by one of the parties to the agreement." *Id.* (citing *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005)). "The party opposing arbitration bears the burden of establishing

---

[1] Generally, "[a] court is not to consider documents or allegations extrinsic to the pleadings on a Rule 12(b)(6) motion" except for documents "referred to in the complaint and central to the plaintiff's claim." *ABN Amro, Inc. v. Capital Int'l, Ltd.*, No. 04 C 3123, 2007 U.S. Dist. LEXIS 19601, at *10-11 (N.D. Ill. Mar. 16, 2007) (citing *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this case, the Plan document is referred to in the Complaint and central to Smith's allegations. *See e.g.*, Doc. 1, ¶¶ 22, 51, 96. Therefore, the Plan document is clearly proper for consideration on a Rule 12(b)(6) motion. Moreover, this rule is inapplicable to the extent the Court is considering the Plan document in relation to the Triad Defendants' motion to compel or dismiss pursuant to Fed. R. Civ. P. 12(b)(3). *See AGA S'holders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842-43 (N.D. Ill. 2006) (providing that a court may consider facts outside the complaint on a Rule 12(b)(3) motion). The Plan document and its three amendments are attached to the McCormick Declaration as Exhibits A – D. The Plan document as amended is referred to herein as the "Plan Document."

why the arbitration provision should not be enforced." *O'Quinn v. Comcast Corp.*, No. 10 C 2491, 2010 U.S. Dist. LEXIS 125879, at *7 (N.D. Ill. Nov. 29, 2010) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000)).

"Normally, when arbitration is dictated, a court compels arbitration in that district and stays the court proceeding." *Bahoor v. Varonis Sys., Inc.,* 152 F. Supp. 3d 1091, 1096 (N.D. Ill. 2015) (citing 9 U.S.C. § 3). "[W]hen a court is presented with a motion to compel arbitration in a different district, the proper action is to dismiss the complaint for improper venue under Rule 12(b)(3)."[2] *Id.*; *see also Soucy v. Capital Mgmt. Servs., L.P.*, No. 14 C 5935, 2015 U.S. Dist. LEXIS 9991, at *8 (N.D. Ill. Jan. 29, 2015) (holding that "[a]lthough courts have frequently treated motions to compel arbitration as assertions that they are deprived of subject matter jurisdiction, the Seventh Circuit has instructed district courts that a motion seeking dismissal based on an arbitration agreement should be decided under Rule 12(b)(3)") (citing *Gabbanelli Accordions & Imports, LLC v. Ditta Gabbanelli Ubaldo Di Elio Gabbanelli*, 575 F.3d 693, 695 (7th Cir. 2009)). "In the context of a defendant's motion for improper venue [under Rule 12(b)(3)], the plaintiff bears the burden of proving that venue is proper." *Id.* "In making this determination, a "court may examine facts outside the complaint…" *Id.* (quoting *First Health Grp., Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 U.S. Dist. LEXIS 965, at *2 (N.D. Ill. Jan. 31, 2000)).

Finally, Smith's Complaint is a class action lawsuit which runs afoul the Class Action Waiver included in the Arbitration Provision. As a result, Smith's Complaint fails to state a claim upon which relief may be granted. In reviewing a motion to dismiss pursuant to Rule 12(b)(6),

---

[2] In this case, the Arbitration Provision provides that "[t]he arbitration proceedings shall be held in St. Louis, Missouri or at such other place as may be selected by mutual agreement of the parties." (Decl. of McCormick, Ex. D, Art. 22(d)). Therefore, the Court should dismiss the lawsuit under Rule 12(b)(3) so the parties may initiate arbitration in St. Louis, Missouri. However, whether the Court elects to stay and compel arbitration or to dismiss, Smith's lawsuit may not proceed in federal court.

the Court must view all facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). However, legal conclusions are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order for a plaintiff to survive a motion to dismiss, the complaint "must contain sufficient factual matter…to state a claim to relief that is plausible on its face." *Id.* at 678. The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. ARGUMENT

Smith's lawsuit is subject to mandatory arbitration pursuant to the Arbitration Provision in the Plan Document because (1) the Plan contains a written Arbitration Provision which requires arbitration of ERISA claims, (2) the Arbitration Provision is valid and enforceable, (3) the allegations in Smith's Complaint are within the scope of the Arbitration Provision, and (4) Smith has refused to arbitrate by filing this lawsuit. As a result, this Honorable Court should stay the pending litigation and compel arbitration pursuant to the FAA, or in the alternative, dismiss Smith's lawsuit pursuant to Fed. R. Civ. P. 12(b)(3). Finally, Smith's lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it purports to pursue claims on a class basis in abrogation of the Class Action Waiver in the Arbitration Provision.

    **1.** **Smith's Lawsuit is Subject to Mandatory Arbitration Under the FAA**

        A. **The Plan Contains a Written Arbitration Provision Requiring Arbitration of ERISA Claims**

The Plan contains a clear and unambiguous written Arbitration Provision. "Under the FAA, (1) there is a presumption to arbitrate when contracts contain arbitration provisions, (2) any doubts concerning the scope of arbitration issues should be resolved in favor of arbitration, and (3)

unless the court has a positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, arbitration is appropriate." *Sanchez v. CleanNet USA., Inc*. 78 F. Supp. 3d 747, 753 (N.D. Ill. 2015) (citing *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc*., 174 F.3d 907, 909 (7th Cir. 1999)).

Smith's ERISA allegations are clearly within the scope of the valid and enforceable Arbitration Provision and can only be brought in arbitration.

### B. The Arbitration Provision is Valid and Enforceable

The Court must determine whether the Arbitration Provision in the Plan is enforceable. The Seventh Circuit Court of Appeals has not yet considered whether ERISA statutory claims are arbitrable. However, "[c]laims alleging a violation of a federal statute such as ERISA are generally arbitrable absent a 'contrary congressional command.'" *Dorman v. Charles Schwab Corp*., 780 Fed. Appx. 510, 513 (9th Cir. 2019) (quoting *Am. Express Co. v. Italian Colors Rest*., 570 U.S. 228, 233 (2013)). "As every circuit to consider the question has held, ERISA contains no congressional command against arbitration, therefore an agreement to arbitrate ERISA claims is generally enforceable." *Id.* at 513-514; *see also Williams*, *v. Imhoff*, 203 F.3d 758, 767 (10th Cir. 2000) ("Congress did not intend to prohibit arbitration of ERISA claims"); *Kramer v. Smith Barney*, 80 F.3d 1080, 1084 (5th Cir. 1996) ("We agree that Congress did not intend to exempt statutory ERISA claims from the dictates of the Arbitration Act"); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 7 F.3d 1110, 1118 (3rd Cir. 1993) (same); *Bird v. Shearson Lehman / Am. Express, Inc*., 926 F.2d 116, 122 (2nd Cir. 1991) (same); *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc*., 847 F.2d 475, 479 (8th Cir. 1988) (same).

At least one district court within the Seventh Circuit has similarly held that statutory ERISA claims are arbitrable. *Lusk v. AmeriServ. Fin., Inc.*, 1:06-cv-1820, 2007 U.S. Dist. LEXIS

55775, at *18-21 (S.D. Ind. July 31, 2007) (holding that mandatory arbitration agreement was enforceable for statutory claims under ERISA). As a result, the Triad Defendants respectfully request that this Honorable Court follow the overwhelming weight of authority developed by the majority of circuit courts and one district court in this Circuit to conclude that statutory ERISA claims may be subject to arbitration. Given that Smith's statutory ERISA claims are arbitrable, those claims cannot be adjudicated in federal court.

                C.        The Parties Entered Into an Arbitration Agreement

Because Smith's ERISA claims are arbitrable, the Court must consider whether the Arbitration Provision itself is valid. Whether the parties entered into a valid arbitration agreement is a matter of contract law. *R.J. O'Brien & Assoc. v. Pipkin*, 64 F.3d 257, 260 (7th Cir. 1995). To make this determination, Seventh Circuit courts apply state law. *Falbe v. Dell, Inc.*, No. 04 C 1425, 2004 U.S. Dist. LEXIS 13188, at *8 (N.D. Ill. July 12, 2004) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)); *see also Druco Rests., Inc. v. Steak N Shake Enterp., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014) (holding that "[w]hen deciding whether parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts.")). In making this determination, federal courts should not "singl[e] out arbitration provisions for suspect status." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

The Arbitration Provision provides, in part: "[i]n rendering the award, the arbitrator(s) shall determine the respective rights and obligations of the parties under federal law, or if federal law is not applicable the laws of the State of Missouri." (Decl. of McCormick, Ex. D, Art. 22(g)). As such, the validity of the Arbitration Provision is governed by Missouri law. Missouri law follows the FAA and provides that "[a] written agreement to submit a present or future controversy to

arbitration is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Cairo v. Bodine Contracting Co.*, 685 S.W.2d 253, 258 (Mo. App. 1985). "The usual rules and canons of contract interpretation govern the subsistence and validity of an arbitration clause." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. 2003).[3] An arbitration agreement will be enforceable unless a generally applicable contract defense such as fraud, duress or unconscionability applies. *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 432 (Mo. 2015); *see also Sanders*, 2017 U.S. Dist. LEXIS 158138 at *9 (applying the same standard under Illinois law).

In the context of an ERISA plan, the contractual relationship is defined by the plan document. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013). "Courts construe ERISA plans, as they do other contracts, by looking to the terms of the plan as well as to other manifestations of the parties' intent." *Id*. at 102 (internal quotations omitted). "The plan, in short, is at the center of ERISA." *Heimeshoff v. Hartford Life Accident Ins. Co.*, 571 U.S. 99, 612 (2013) (quoting *US Airways*, 569 U.S. at 101)). The focus on the "written terms of the plan is the linchpin of a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place." *Id*. (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996)).

"A plan participant agrees to be bound by a provision in the plan document when he participates in the plan while the provision is in effect." *Dorman*, 780 Fed. Appx. at 512 (citing *Chappel v. Lab Corp. of Am.*, 232 F.3d 719, 723-24 (9th Cir. 2000)). Furthermore, claims brought under ERISA § 502(a)(2) generally belong to a plan and not an individual. *Peabody v. Davis*, 636

---

[3] Even if Illinois law applied, the analysis is the same. *See 737 N. Mich. Ave. Investors, LLC v. Neiman Marcus Group, Inc*., No. 06 C 6379, 2007 U.S. Dist. LEXIS 26079, at *8 (N.D. Ill. April 5, 2007) (applying general contract formation principles to determine whether a valid and binding arbitration agreement exists).

F.3d 368, 373 (7th Cir. 2011). "However, a participant in a defined contribution plan may bring a § 502(a)(2) action for breach of fiduciary duty as to an individual account." *Id*. (citing *LaRue v. DeWolff, Boberg & Assocs., Inc*., 552 U.S. 248, 256 (2008)).

In *Dorman*, the plaintiff filed suit against an ERISA plan under ERISA §§ 502(a)(2) and (a)(3). *Dorman,* 780 Fed. Appx. at 513. The plaintiff argued that he didn't consent to the arbitration provision in the plan. *Id.* The Ninth Circuit held that the plaintiff *did consent* to arbitrate all of its ERISA claims by continuing to participate in the Plan after the arbitration provision was included in the Plan. *Id.* at 512. The Ninth Circuit also held that the plan *itself agreed* to arbitrate the ERISA claims provided for in the arbitration agreement by adopting the arbitration provision. *Id*. at 14 (holding "[h]ere the Plan expressly agreed in the Plan document that all ERISA claims should be arbitrated."). Therefore, the Ninth Circuit held that the plaintiff's claim was subject to the arbitration agreement because both the "Plan and Dorman [] agreed to arbitration on an individualized basis…[which] is consistent with *LaRue*." *Id.*

The analysis in *Dorman* applies equally in this case. Specifically, the Arbitration Provision was adopted through an amendment to the Plan on July 17, 2018 and was effective on that same date. (Decl. of McCormick, Ex. D, Art. 22). Smith then continued to participate in the Plan until at least 2019. (Doc. 1, ¶ 19). Therefore, Smith consented in his individual capacity to the Arbitration Provision. Similarly, the Plan itself consented to the Arbitration Provision when it properly adopted the Plan amendment on July 17, 2018. (Decl. of McCormick, Ex. D, Art. 22). Thus, the Arbitration Provision is valid and must be enforced. The result of the Arbitration Provision is clear, namely that Smith is precluded from brining this claim, individually or on a Plan-wide basis, in federal court.[4]

---

[4] Enforcing the Arbitration Provision in this case will not deprive Smith of his ability to pursue his claim that the Triad Defendants breached their respective fiduciary responsibilities. "An agreement to conduct arbitration on an individual

D.     The Arbitration Provision Covers the Claims in the Complaint

Finally, this Court must determine whether the Arbitration Provision covers Smith's ERISA claims. "Whether a claim is within the scope of an arbitration agreement is a matter of federal, not state law." *Sanchez*, 78 F. Supp. 3d at 753 (citing *Gore v. Alltel Communs., LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)). "Arbitration clauses containing the phrase 'arising out of'…..are extremely broad and 'necessarily create a presumption of arbitrability.'" *Id.* at 753 (quoting *Kiefer Specialty Flooring*, 174 F. 3d at 909-10); *see also Bahoor*, 152 F. Supp. 3d at 1100 ("[i]n the Seventh Circuit, broad arbitration clauses such as ones including arising out of or relating to language, necessarily creates a presumption of arbitrability") (internal quotations omitted) (quoting *Kiefer Specialty Flooring*, 174 F.3d at 910)).

The plain language of the Arbitration Provision is unequivocally clear and unambiguous. Specifically, it provides that the following claims must be arbitrated by a three (3) arbitrator panel under the AAA rules:

> Any claim made by or on behalf of an Eligible Employee, Participant or Beneficiary (a "Claimant") ***which arises out of, or relates to, or concerns*** this Plan, the Trust Agreement, or the Trust, including without limitation, any claim for benefits under the Plan, Trust Agreement, or Trust, ***any claim asserting a breach of, or failure to follow, any provision of ERISA or the Code***, including without limitation claims ***for breach of fiduciary duty***, and ERISA § 510 claims, and claims for failure to timely provide notices or information required by ERISA or the Code.

(Decl. of McCormick, Ex. D, Art. 22(a)) (emphasis added). In this case, Smith has alleged entitlement to relief under ERISA §§§ 502(a)(2), 502(a)(3), and 409 as a result of the following allegations against the Triad Defendants: (1) Count II – Failure to Monitor in Violation of ERISA §§ 404(a)(1)(4) and (B); (2) Count IV – Prohibited Transactions in Violation of ERISA § 406(a); and (3) Count V – Co-Fiduciary Liability under ERISA § 405(a).[5]  Breach of fiduciary duty claims

---

basis, as in this case, does not relieve a fiduciary from responsibility or liability." *Dorman,* 780 Fed. Appx. at 513.
[5] Smith's claims against GreatBanc are also brought under ERISA and also subject to the Arbitration Provision.

and ERISA prohibited transactions allegations are specifically contemplated by the Arbitration Provision. Therefore, the claims in Smith's Complaint are within the scope of the Arbitration Provision.

For all of the reasons set forth above, the Triad Defendants respectfully request this Honorable Court enter an Order staying the pending litigation and compelling arbitration over all of the issues covered within the scope of the Arbitration Provision. In the alternative, the Triad Defendants request this Court dismiss Smith's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) so the parties may engage in mandatory arbitration.

### 2. Class Action Lawsuits are Prohibited by the Plan Document

The Arbitration Provision also prohibits class claims, providing, in part, that: "[a]ll Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis." (Decl. of McCormick, Ex. D, Art. 22(b)). This Court must decide whether the Class Action Waiver is valid. *See O'Quinn*, 2010 U.S. Dist. LEXIS 125879, at *6 (holding that the district court was allowed to determine the enforceability of a class action waiver based upon its language providing so).

Class Action Waivers are regularly enforced. In *Epic Sys. Corp. v. Lewis*, the Supreme Court held "[i]n the [FAA], Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms providing for individualized proceedings." 138 S. Ct. 1612, 1619 (2018); *see also Concepcion*, 563 U.S. at 334 (holding that a California state law that required availability of class-wide arbitration was invalid and enforcing a class arbitration waiver).

It is also well-established in the Seventh Circuit that class action waivers in the context of

---

Specifically, these are Count I – Breach of Fiduciary Duties under ERISA §§ 404(a)(1)(A) and (B) and Count III – Prohibited Transactions in Violation of ERISA § 406(a).

arbitration are valid. *See e.g., O'Quinn*, 2010 U.S. Dist. LEXIS 125879, at *23 (holding that a class action waiver in a customer agreement was valid and enforceable under Illinois law); *see also Trejo v. Advance Am.*, No. 09 C 2278, 2009 U.S. Dist. LEXIS 144390, at *21 (N.D. Ill. June 23, 2009) (holding that a class action waiver in a loan agreement was enforceable). Similarly, the Eighth Circuit has held that class-action waivers in an arbitration agreement are enforceable under Missouri law. *Cicle v. Chase Bank USA*, 583 F.3d 549, 557 (8th Cir. 2009).

As set forth above, Smith continued to participate in the Plan *after* the adoption of the Arbitration Provision which included the Class Action Waiver. (Decl. of McCormick, Ex. D, Art. 22); (Doc. 1, ¶ 19). Therefore, Smith assented to the Class Action Waiver. The Class Action Waiver specifically provides that:

- All Covered Claims must be brought ***solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis***. Each arbitration shall be limited ***solely to one*** Claimant's Covered Claims, and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary relief to any Eligible Employee, Participant or Beneficiary other than the Claimant.

- For instance, with respect to any claim brought under ERISA § 502(a)(2) to seek appropriate relief under ERISA 409, the Claimant's remedy, if any, ***shall be limited to*** (i) the alleged losses to the Claimant's individual Account resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely to Claimant's individual Account, and or (iii) such other remedial or equitable relief as the arbitrator(s) deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Eligible Employee, Participant or Beneficiary other than the Claimant, ***and is not binding on the Plan Administrator or Trustee with respect to any Eligible Employee, Participant or Beneficiary other than the Claimant***.

(Decl. of McCormick, Ex. D, Art. 22(b)) (emphasis added). Smith's Complaint seeks class-wide and Plan-wide relief that is explicitly prohibited by the Arbitration Provision in the Plan Document. *See* Doc. 1, ¶ 1 ("This is a civil enforcement action brought pursuant to Sections 502(a)(2) and 502(a)(3) of [ERISA] by Plaintiff James Smith on behalf of the Triad Manufacturing, Inc.

Employee Stock Ownership Plan [] and the participants and beneficiaries of the ESOP."); Doc. 1, ¶ 14 ("ERISA authorizes participants such as Plaintiff to sue in a representative capacity on behalf of a retirement plan"); Doc. 1, ¶ 99-110 (setting forth the "class allegations"). Because Smith's request for class-wide and Plan-wide relief is barred by the enforceable Class Action Waiver in the Arbitration Provision of the Plan Document, the Complaint fails to state a claim upon which relief can be granted and, therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

For the foregoing reasons, the Triad Defendants respectfully request this Honorable Court enter an Order staying this litigation and compelling arbitration. In the alternative, the Triad Defendants request that this Honorable Court enter an Order of dismissal pursuant to Fed. R. Civ. P. 12(b)(3) so that the parties may engage in mandatory arbitration. Finally, the Triad Defendants request that this Honorable Court hold that the Class Action Waiver is enforceable and dismiss Smith's class action claims to the extent necessary based on the Arbitration Provision.

Respectfully Submitted,

/s/ Matthew D. Grabell – 6312929
FORD & HARRISON, LLP
271 – 17th Street, NW, Suite 1900
Atlanta, GA 30363
MGrabell@fordharrsion.com
(404) 888-3820

Benjamin P. Fryer
FORD & HARRISON LLP
(pro hac vice forthcoming)
NC Bar No. 39254
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
bfryer@fordharrison.com
Telephone: (980) 282-1900
Facsimile: (980) 282-1949

Attorneys for Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, and Michael McCormick