# EXHIBIT D

# THIRD AMENDMENT TO THE
# TRIAD MANUFACTURING, INC.
# EMPLOYEE STOCK OWNERSHIP PLAN

This THIRD AMENDMENT is made on this 17 day of July, 2018, by Triad Manufacturing, Inc. ("Primary Sponsor").

## INTRODUCTION

The Primary Sponsor previously adopted the Triad Manufacturing, Inc. Employee Stock Ownership Plan ("Plan"), effective as of December 18, 2015 ("Effective Date"), which has been amended twice since its adoption. The Primary Sponsor desires to amend the Plan to include arbitration procedures and other additional requirements related to claim resolution under the Plan.

## AMENDMENT

NOW, THEREFORE, effective as of July 17, 2018, the following new Article 22 is added to the Plan:

## "ARTICLE 22
## ERISA ARBITRATION, CLASS ACTION WAIVER AND LIMITATION OF ACTIONS

22.1  Arbitration Requirement and Procedure. Subject to and without waiver of full compliance with the Plan's claims procedures as described in Section 14 which, to the extent applicable, must be exhausted with respect to any claim before any arbitration pursuant to this Section 22.1, all Covered Claims must be resolved exclusively pursuant to the provisions of this Section 22.1 (the "Arbitration Procedure").

    (a)  Covered Claims. Any claim made by or on behalf of an Eligible Employee, Participant or Beneficiary (a "Claimant") which arises out of, relates to, or concerns this Plan, the Trust Agreement, or the Trust, including without limitation, any claim for benefits under the Plan, Trust Agreement, or Trust; any claim asserting a breach of, or failure to follow, the Plan or Trust; and any claim asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty, ERISA § 510 claims, and claims for failure to timely provide notices or information required by ERISA or the Code (collectively, "Covered Claims"), shall be resolved exclusively by binding arbitration administered in accordance with the National Rules for the Resolution of Employment Disputes (the "Rules") of the American Arbitration Association ("AAA") then in effect. Under no circumstances are the AAA Supplementary Rules for Class Arbitrations to be used. If the Covered Claims solely involve (i) claims under ERISA § 502(a)(1)(B) to recover benefits due to the Claimant under the terms of the Plan, to

11947979.1

enforce the Claimant's rights under the terms of the Plan, or to clarify the Claimant's rights to future benefits under the terms of the Plan, and/or (ii) claims for penalties under ERISA § 502(c), the Covered Claims shall be submitted to and decided by only one (1) arbitrator. For all other disputes, the Covered Claims shall be submitted to and decided by three (3) arbitrators. Claimant shall assert all Covered Claims in the same arbitration and shall not split Covered Claims. If, for example, a Claimant wishes to pursue both a claim for benefits under ERISA § 502(a)(1)(B) and a claim for breach of fiduciary duty under ERISA § 502(a)(2) and/or ERISA § 502(a)(3), the Claimant shall first exhaust the claims procedure described in Section 14 of the Plan to the extent the claims procedure is applicable and then assert both claims in one arbitration demand. The judgment on the final award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof and shall be res judicata as to all Covered Claims that the Claimant asserted or could have asserted in the arbitration demand.

(b) <u>No Group, Class, or Representative Arbitrations</u>. All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims, and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible Employee, Participant or Beneficiary other than the Claimant. For instance, with respect to any claim brought under ERISA § 502(a)(2) to seek appropriate relief under ERISA § 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's individual Account resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely to Claimant's individual Account, and/or (iii) such other remedial or equitable relief as the arbitrator(s) deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Eligible Employee, Participant or Beneficiary other than the Claimant, and is not binding on the Plan Administrator or Trustee with respect to any Eligible Employee, Participant or Beneficiary other than the Claimant. The requirement that (x) all Covered Claims be brought solely in a Claimant's individual capacity and not in a purported group, class, collective, or representative capacity, and (y) that no Claimant shall be entitled to receive, and shall not be awarded, any relief other than individual relief, shall govern irrespective of any AAA rule or decision to the contrary and is a material and non-severable term of this Section 22.1. The arbitrator(s) shall consequently have no jurisdiction or authority to compel or permit any class, collective, or representative action in arbitration, to consolidate different arbitration proceedings, or to join any other party to any

arbitration. Any dispute or issue as to the applicability or validity of this Section 22(b) (the "Class Action Waiver") shall be determined by a court of competent jurisdiction. Moreover, nothing in this Arbitration Procedure shall preclude seeking interim or provisional relief or remedies in aid of arbitration from a court of competent jurisdiction. In the event a court of competent jurisdiction were to find these requirements to be unenforceable or invalid, then the entire Arbitration Procedure (i.e., all of this Section 22.1) shall be rendered null and void in all respects as to the particular claim that is the subject of that court's ruling.

(c) <u>Selection of Arbitrator</u>. The arbitrator(s) shall be mutually acceptable to all parties to the dispute and must be attorney(s) with prior experience with ERISA claims. The arbitrator(s) need not be selected from the AAA's panel of arbitrators if the parties to the dispute can reach agreement on the selection of the arbitrator(s). If, however, the parties cannot agree on the selection of the arbitrator(s) within twenty-one (21) days of the demand for arbitration, then the arbitrator(s) shall be selected pursuant to the AAA's National Rules for the Resolution of Employment Disputes; provided, however, that (i) the list of potential arbitrators provided by the AAA shall be limited to attorneys with prior ERISA experience; (ii) for an arbitration to be heard by one arbitrator, the AAA shall provide a list of names of seven (7) potential arbitrators from which the two sides (Claimant on one side and all Respondents on the other side) shall alternatively strike names until only one name remains, with the Claimant striking first; and (iii) for an arbitration to be heard by three (3) arbitrators, the AAA shall provide a list of names of eleven (11) potential arbitrators from which the two sides shall alternatively strike names until only one name remains, with the Claimant striking first.

(d) <u>Location and Administration of Arbitration</u>. The arbitration proceedings shall be held in St. Louis, Missouri or at such other place as may be selected by mutual agreement of the parties. A Claimant may initiate arbitration by serving a demand for arbitration on the Committee and, if applicable, the Trustee and by filing such demand for arbitration with the appropriate office of the AAA. In order to save time and expenses, the parties may agree to have the arbitrator(s), and not the AAA, administer the arbitration. In the absence of such an agreement, however, the AAA will administer the arbitration.

(e) <u>Limitation on Actions</u>. Any Covered Claim must be submitted to arbitration within the earlier of the applicable statutory period of limitations or three (3) years of the date on which it accrued or shall be barred as untimely; provided, however, any Covered Claim under ERISA § 502(a)(1)(B) for a denial of benefits shall be deemed to have accrued on the date the Committee's final denial is issued under the Plan's claims procedure, and any demand for arbitration involving such a claim shall be

    served on the Committee and, if applicable, Trustee, and filed with the AAA within twelve (12) months of the date on which the denial of claim is issued by the Committee.

(f)    Arbitrator's Standard of Review. For claims to recover benefits under ERISA § 502(a)(1)(B), the arbitrator's review of the Committee's claim denial shall be limited to a review of the administrative record as submitted to the Committee, and the Committee's determination may only be overturned if the arbitrator(s) determines that the Committee's decision was arbitrary and capricious. Subject to that limitation, the arbitrator(s) shall have the discretion to order such discovery as permitted under the National Rules for the Resolution of Employment Disputes of the AAA. All disputes regarding discovery shall be decided by the arbitrator(s).

(g)    Arbitration Award. The arbitration award shall be in writing. In rendering the award, the arbitrator(s) shall determine the respective rights and obligations of the parties under federal law, or, if federal law is not applicable, the laws of the State of Missouri. The arbitration award shall be binding on all parties solely with respect to the Claimant's individual claims, and it shall have no effect with respect to claims of any other Participant or Beneficiary. To the fullest extent permitted by law, no application or appeal to any court of competent jurisdiction may be made in connection with any question of law arising in the course of arbitration pursuant to this arbitration agreement or with respect to any award, except as to the Class Action Waiver or for actions relating to enforcement of this Arbitration Procedure or any award seeking interim or other provisional relief or remedies in aid of arbitration.

(h)    Fees and Expenses. Except as may be awarded by the arbitrator(s) in a final award: (i) the fees and expenses of the arbitrator(s) and arbitration shall be advanced by the Primary Sponsor; and (ii) each party shall bear the expense of his, her or its own counsel, experts, witnesses, and preparation and presentation of evidence. The arbitrator(s) may include in his, her, or their final award an award of arbitration fees and expenses and/or attorneys' fees and expenses to the extent allowed under ERISA. However, if any party prevails on a statutory claim that entitles the prevailing party to attorneys' fees and costs, or if there is a written agreement between the parties providing for attorneys' fees and costs, the arbitrator(s) may award reasonable attorneys' fees and costs in accordance with the applicable statute or written agreement. In that event, the arbitrator(s) shall resolve any dispute as to the reasonableness of any fee or cost that may be awarded.

(i)    Confidentiality. Neither the Claimant nor the arbitrator(s) may disclose the existence, content, subject matter, or results of any arbitration proceeding without the prior written consent of the Primary Sponsor. This

4

nondisclosure provision shall apply to all aspects of the arbitration proceeding, including without limitation, discovery, testimony, other evidence, briefs, and the award. In the event of a breach or threatened breach of this confidentiality provision, the Primary Sponsor may seek temporary, preliminary and/or permanent injunctive relief to prevent such breach or threatened breach, as well as any damages suffered by the Primary Sponsor, Plan Administrator, or Trustee. In the event the Primary Sponsor brings an action to enforce this confidentiality provision and receives any remedy (whether temporary or permanent), the Claimant or arbitrator responsible for the breach or threatened breach shall pay the Primary Sponsor's attorneys' fees and expenses. In any action to confirm or set aside the arbitration award, the parties shall cooperatively seek to file the arbitration award under seal or for an *in camera* inspection by the court without the award being filed in the public record.

(j) <u>Arbitrator Independence</u>. The parties intend that the arbitrator(s) be independent and impartial. To this end, the arbitrator(s) shall disclose to the parties, both before and during the arbitration proceedings, any professional, family, or social relationships, past or present, with any party or counsel.

(k) <u>Applicable Law</u>. This Arbitration Procedure shall be governed and enforced under ERISA, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., and, to the extent that it does not conflict with ERISA or the FAA, applicable state law. The final award rendered by the arbitrator(s) shall be final and binding on the parties to the arbitration with respect to the Claimant's individual claims only.

(l) <u>Covered Claims Against Non-Fiduciaries</u>. This Arbitration Procedure shall apply to all Covered Claims asserted by a Claimant, whether such Covered Claims are asserted solely against one or more of the Plan's fiduciaries or are also asserted against the Primary Sponsor or any other non-fiduciary (e.g., a Plan service provider).

22.2 <u>Restriction on Venue</u>. If a Claimant wishes to pursue any Covered Claim, that Claimant shall comply with the Arbitration Procedure, set forth in this Article 22 of the Plan, and shall not file any such claim in a state or federal court. To the extent, however, any Claimant fails or refuses to comply with the Arbitration Procedure, wishes to challenge the legal enforceability of the Arbitration Procedure, or to the extent the Arbitration Procedure is invalidated, such action or challenge shall be filed exclusively in the United States District Court for the Eastern District of Missouri, which is where the Plan is administered. In the event a Claimant makes an unsuccessful challenge to the validity, enforceability or scope of the Arbitration Procedure in any court, the Claimant shall, to the maximum extent permitted by law, reimburse the defendants in that action for all attorneys' fees, costs, and expenses incurred by them in defending against the Claimant's unsuccessful court challenge."

Except as specifically provided herein, the Plan shall remain in full force and effect as prior to this Third Amendment.

IN WITNESS WHEREOF, the Primary Sponsor has caused this Third Amendment to be executed effective as set forth above.

TRIAD MANUFACTURING, INC.

By: *Michael McCormick* (signature)
Name: Michael McCormick
Title: Principal

6

11947979.1