IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Smith, on behalf of himself and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan,<br><br>    Plaintiff,<br><br>  v.<br><br>GreatBanc Trust Company; the Board of Directors of Triad Manufacturing, Inc.; David Caito; Robert Hardie; and Michael McCormick,<br><br>    Defendants. | Civil Action No.: 1:20-cv-02350<br><br>HON. JUDGE RONALD GUZMAN |

## INITIAL STATUS REPORT

Plaintiff James Smith, Defendants David Caito; Robert Hardie; Michael McCormick and the Board of Directors of Triad Manufacturing, Inc.; ("Triad Defendants") and Defendant GreatBanc Trust Company (collectively "Defendants") jointly submit this Initial Status Report pursuant to the Court's April 17, 2020 Order (ECF No. 17).

**I. Nature of the Case**

  A. <u>Counsel</u>

Plaintiff James Smith is represented by lead counsel Michelle Yau, Mary Bortscheller, and Daniel Sutter of Cohen Milstein Sellers & Toll PLLC, and Paul Lukas, Kai Richter, and Grace Chanin of Nichols Kaster, PLLP. Triad Defendants are represented by Matthew Grabell and Ben Fryer of FordHarrison, LLP. Defendant GreatBanc Trust Company is represented by Mark Nebrig and Kristen Kenley of Moore & Van Allen PLLC and Adam Glazer, Norman Finkel, and William Klein of Schoenberg, Finkel, Newman & Rosenberg, LLC. On May 29, 2020, counsel met and conferred telephonically pursuant to the Court's April 17, 2020 Order (ECF No. 17).

B.  Claims and Jurisdiction

1.  Plaintiff's Position:

Plaintiff asserts claims against Defendants under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 *et seq*. Plaintiff alleges that Defendants engaged in prohibited transactions in violation of 29 U.S.C. § 1106 and imprudent and disloyal conduct in violation of 29 U.S.C. § 1104 when dealing with the Triad Manufacturing, Inc. Employee Stock Ownership Plan (the "ESOP"). Plaintiff alleges that the Triad ESOP is a retirement plan where the employer's retirement contributions, made on behalf of employees, are invested entirely in the employer's privately held-stock. 29 U.S.C. § 1107(d)(6); *see also* 29 C.F.R. § 2550.407d–6. Plaintiff alleges that the employees' retirement contributions are an important part of the employees' retirement savings. Plaintiff's allegations center on Defendants' Caito, Hardie and McCormick's sale of their privately held stock in Triad Manufacturing, Inc. to the ESOP at an inflated value of $58.05 per share (or ($106.2 million in the aggregate). Plaintiff alleges that the ESOP participants did not negotiate the purchase price of $58.05 per share or any other terms of the ESOP transaction, and agreed to by the ESOP Trustee, GreatBanc and the Selling Shareholders. For the alleged conduct, Plaintiff seeks remedies pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), including the restoration of the losses Defendants caused to the ESOP's retirement assets. Plaintiff also seeks appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3) including, but not limited to, declaratory judgement, injunction, surcharge, and disgorgement of profits.

Plaintiff brings this case on behalf of all other similarly situated participants in the ESOP. Plaintiff avers that the class may be certified pursuant to either Rule 23(b)(1), Rule 23(b)(2), and Rule 23(b)(3). The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29

U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, and Plaintiff has standing to assert his claims. The Court also has personal jurisdiction over the Defendants because they transact business in, and have significant contacts with, this District. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) because, *inter alia*, Defendant GreatBanc resides in this district, alleged breaches of fiduciary duty took place in this district, and Triad Defendants employ individuals in this District. The Defendants contend it would be premature to engage in discovery when the Triad Defendants have filed a Motion to Stay and Compel Arbitration and/or Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(3) and/or 12(b)(6). Plaintiff disagrees because (1) Triad Defendants' motion will not prevail because the arbitration provision is not applicable to Plaintiff's claims and (2) prior to the ruling on Triad Defendants' 12(b)(6) and (b)(3) motion, Plaintiff will only seek a narrow set of documents related to the sale of Triad to the ESOP, such as the valuation (i.e., stock appraisal) that formed the basis for the purchase price the ESOP paid for Triad, and the information underlying that valuation. For these reasons, the Court should not stay discovery and should allow limited discovery to proceed at this time.

        2.     Triad Defendants' Position:

The Triad Defendants do not believe that this case is properly before the Court in light of a Mandatory Arbitration and Class Action Waiver (the "Arbitration Provision") provision in the Plan document. On June 1, 2020, the Triad Defendants filed a Motion to Stay and Compel Arbitration and/or Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(3) and/or 12(b)(6) (the "Triad Defendants' Motion") (Docket No. 29).

The Triad Defendants believe it would be unduly burdensome and potentially wasteful should discovery proceed before the Court rules on the Triad Defendants' Motion. Therefore, as

requested in the Triad Defendants' Motion and reiterated herein, the Triad Defendants request that all discovery be stayed in this matter pending a decision on the Triad Defendants' Motion.

        3.        GreatBanc's Position:

The deadline for Defendant GreatBanc to answer or otherwise respond to Plaintiff's Complaint is June 29, 2020. Accordingly, it is GreatBanc's position that it is premature for discovery to proceed at this stage. Additionally, due to the Triad Defendants' Motion, Defendant GreatBanc agrees that it would be unduly burdensome and potentially wasteful should discovery proceed before the Court rules on the Triad Defendants' Motion. Therefore, Defendant GreatBanc agrees that all discovery should be stayed in this matter pending a decision on the Triad Defendants' Motion.

**II.**    **Discovery and Motions**

    A.    Motions

Plaintiff filed his complaint on April 15, 2020. (ECF No. 1). On May 11, 2020, Triad Defendants requested, and the Court granted, an extension of time to file a response to Plaintiff's complaint by June 1, 2020. GreatBanc and Plaintiff have agreed that GreatBanc will file a response to the Complaint on or before June 29, 2020.

As set forth above, on June 1, 2020, the Triad Defendants' Motion was filed requesting that this Court stay this matter and compel arbitration or in the alternative dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3) and/or 12(b)(6) (Docket No. 29). Plaintiff's response is due June 22, 2020 and the Triad Defendants' Reply is due July 6, 2020. (Docket No. 32).

    B.    Discovery

The parties have agreed that initial disclosures will be exchanged 14 days after the Defendants file their respective responses to the Complaint. For Plaintiff and the Triad

Defendants, initial disclosures would be served on June 15, 2020, and for GreatBanc, initial disclosures will be served on July 13, 2020.

        1.      Plaintiff's Position

Upon filing of initial disclosures, Plaintiff believes that discovery should proceed consistent with Rule 26(a)(1)(C). Because Plaintiff's claims are narrowly focused on the sale of Triad Manufacturing to the ESOP and the valuation used to effectuate that sale, Plaintiff anticipate that discovery can be done within the default limits provided by the Federal Rules of Civil Procedure.

Plaintiff also reports as follows regarding the contents of Rule 26(f):

**Rule 26(f)(3)(B)**: Prior to a ruling on Triad Defendants' motion to compel arbitration and/or dismiss, Plaintiff will seek limited discovery as set forth above. Given this and Plaintiff's position that the arbitration provision Triad Defendants contend is the basis for compelling arbitration is inapplicable to Plaintiff's claims, Plaintiff respectfully submits that no limitations on discovery are necessary, beyond those contemplated by Rule 26(b)(1).

**Rule 26(f)(3)(C)**: Plaintiff is awaiting further disclosures from Defendants regarding electronically stored information ("ESI"), including the form(s) in which it will be produced.

**Rule 26(f)(3)(D)**: Plaintiff does not believe any issues exist regarding privilege claims or protection of trial-preparation materials.

**Rule 26(f)(3)(E)**: Plaintiff proposes that each side be limited to 10 depositions, with the ability to seek additional depositions by agreement or with leave of Court if necessary. Plaintiff proposes that each side be limited to 25 written interrogatories, as provided in Rule 33(a)(1), with the ability to seek additional interrogatories by agreement or with leave of Court if necessary.

**Rule 26(f)(3)(F)**: Plaintiff requests the issuance of a scheduling order under Rule 16(b). Plaintiff opposes any stay of discovery.

A.     Defendants' Position

As set forth above, the Triad Defendants believe that it is premature and would be unduly burdensome to begin discovery at this point given the Triad Defendants' Motion. (Docket No. 29). As set forth in the Triad Defendants' Motion, the Triad Defendants do not believe this case was properly brought before this Court due to the Arbitration Provision, which includes a Class Action Waiver.  If the Triad Defendants' Motion is granted, then Plaintiff's class claims would no longer be part of the lawsuit and the matter would be subject to the rules of the American Arbitration Association for discovery.  Thus, engaging in discovery while the Triad Defendants' Motion is being decided could result in a significant waste of attorneys' fees and costs.  In an effort to compromise, the Triad Defendants have agreed to submit 26(a)(1) disclosures by June 15, 2020, but believe setting other discovery deadlines at this point is premature given the relief sought by the Triad Defendants' Motion. (Docket No. 29).

Due to the Triad Defendants' Motion and the responsive pleading deadline of June 29, 2020, Defendant GreatBanc agrees that it would be unduly burdensome and potentially wasteful should discovery proceed before the Court rules on the Triad Defendants' Motion.  Therefore, Defendant GreatBanc agrees that all discovery should be stayed in this matter pending a decision on the Triad Defendants' Motion.  In making this representation, Defendant GreatBanc reserves all rights and defenses, including to seek a stay of the current litigation and compelling arbitration or in the alternative moving to dismiss the lawsuit.

**II.     Settlement**

The Parties discussed the prospects of prompt settlement and believe that settlement at this stage of litigation is premature.

### III. Proposed Schedule

#### A. Plaintiff's Position:

Plaintiff's scheduling proposals are summarized in the charts below.

| Event | Agreed Upon Deadline Proposal |
|---|---|
| Rule 26(a)(1) Disclosures | June 15, 2020 for Plaintiff and Triad Defendants<br>July 13, 2020 for GreatBanc |

| Event | Plaintiff's Proposal |
|---|---|
| Pleading Amendment | January 7, 2021 |
| Document Production Completion | January 15, 2021 |
| Motion for Class Certification | January 22, 2021 |
| Opposition to Class Certification | February 26, 2021 |
| Class Certification Reply | March 19, 2021 |
| Close of Fact Discovery | April 30, 2021 |
| Opening Expert Reports | June 29, 2021 |
| Rebuttal Reports | August 10, 2021 |
| Close of Expert Discovery | September 7, 2021 |

#### B. Defendants' Position

As set forth above, Defendants believe setting discovery deadlines and engaging in discovery is premature given the relief requested in the Triad Defendants' Motion. In the event the Triad Defendants' Motion is denied, the Defendants propose the following schedule which could commence on the date of the Court's final decision on the merits on Triad Defendants' Motion:

| Event | Agreed Upon Deadline Proposal |
|---|---|
| Rule 26(a)(1) Disclosures | June 15, 2020 for Plaintiff and Triad Defendants<br>July 13, 2020 for GreatBanc |

| Event | Defendants' Proposal |
|---|---|
| Pleading Amendment | 6 months after the Court's final decision on the Triad Defendants' Motion |
| Document Production Completion | 8 months after the Court's final decision on the Triad Defendants' Motion |
| Motion for Class Certification | 45 days after Document Production Completion |
| Opposition to Class Certification | 45 days after Motion for Class Certification |
| Class Certification Reply | 21 days after Opposition to Class Certification |
| Close of Fact Discovery | 45 days after Class Certification Reply |
| Opening Expert Reports | 60 days after Close of Fact Discovery |
| Rebuttal Reports | 45 days after Opening Expert Reports |
| Close of Expert Discovery | 30 days after Rebuttal Reports |

Signed:

/s/Michelle C. Yau
COHEN MILSTEIN SELLERS & TOLL PLLC
Michelle C. Yau (admitted *pro hac vice*)
Mary J. Bortscheller, Illinois Bar: 6304457
Daniel R. Sutter, (admitted *pro hac vice*)
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com
dsutter@cohenmilstein.com

Carol V. Gilden, Illinois Bar: 6185530
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel: (312) 357-0370 / Fax: (312) 357-0369
cgilden@cohenmilstein.com

*Attorneys for Plaintiff*

Signed:

/s/ Matthew D. Grabell
Matthew D. Grabell (Bar No. 6312929)
FORD & HARRISON, LLP
271-17th Street, NW, Suite 1900
Atlanta, GA 30363
Mgrabell@fordharrison.com
(404) 888-3820
Benjamin P. Fryer (*pro hac vice forthcoming*)
North Carolina Bar No. 39254
FORD & HARRISON, LLP
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
bfryer@fordharrison.com
Telephone: (980) 282-1900
Facsimile: (980) 282-1949

*Attorneys for Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, and Michael McCormick*

Dated: June 5, 2020

/s/ *Mark A. Nebrig*
Mark A. Nebrig (*admitted pro hac vice*)
North Carolina Bar No. 28710
Kristen J. Kenley (*admitted pro hac vice*)
North Carolina Bar No. 49310
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28205
Telephone: (704) 331-3602
Facsimile: (704) 339-5974
marknebrig@mvalaw.com
kristenkenley@mvalaw.com

Adam J. Glazer (Bar No. 6199294)
Norman T. Finkel (Bar No. 6183246)
William R. Klein (Bar No. 6185715)
SCHOENBERG, FNKEL, NEWMAN &
ROSENBERG LLC
222 South Riverside Plaza, Suite 2100
Chicago, IL 60606
Telephone: (312) 648-2300
adam.glazer@sfnr.com
norm.finkel@sfnr.com
bill.klein@sfnr.com

*Attorneys for Defendant*
*GreatBanc Trust Company*