IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Smith, on behalf of himself and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan, <br><br> Plaintiffs, <br><br> v. <br><br> GreatBanc Trust Company, the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, and Michael McCormick, <br><br> Defendants. | Civil Action No.: 1:20-cv-02350 <br><br> The Honorable Judge Ronald A. Guzman <br><br> The Honorable Magistrate Judge Young B. Kim |

**PLAINTIFF'S OPPOSITION TO TRIAD DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL**

The Triad Defendants' Motion to Stay Litigation Pending Appeal, ECF No. 56, should be denied. The Triad Defendants' appeal is meritless because there is no support for their position that Mr. Smith can be bound to a plan provision requiring arbitration when he was never given notice of the provision, he did not consent to it, and enforcement of the provision would deprive him of his statutory right to bring suit in federal court for relief to the Plan as a whole. Moreover, the requested stay of discovery would prejudice Mr. Smith and allow the Triad Defendants an opportunity to transfer the proceeds of the ESOP Transaction while the appeal is pending to frustrate collection of a judgment. For these reasons, Defendants' motion should be rejected.

First, the Triad Defendants' appeal is frivolous and thus their motion to stay discovery during the appeal should be denied. A district court has the power to declare an appeal from an order denying arbitration as frivolous and allow the case to proceed in the district court to avoid unreasonable delay and disruption. *Bradford-Scott Data Corp. v. Physician Comput. Network,*

*Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (citing *Britton v. Co–Op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (expressing concern that a litigant could disrupt the district court litigation with frivolous appeals)). An appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." *Harris N.A. v. Hershey*, 711 F.3d 794, 802 (7th Cir. 2013) (citation omitted). The Triad Defendants' argument that Mr. Smith should be bound to arbitrate is meritless (and thus frivolous) because the arbitration amendment was added to the Plan after Mr. Smith left employment and was never disclosed to Mr. Smith until after he filed this lawsuit. In their motion to stay discovery and their motion to compel arbitration, Triad Defendants cite absolutely no legal support for their position that Mr. Smith should be bound to a contract term that he never signed, agreed to, or even set eyes on, and Mr. Smith is unaware of any such authority. *See* ECF Nos. 30, 50, 56; *Morris v. Jenkins*, 819 F.2d 678, 681-82 (7th Cir. 1987) (finding an appeal frivolous where party had "arguments and legal precedent of only the most marginal relevance to the issues in dispute"); *United States v. Souffront*, 338 F.3d 809, 827 (7th Cir. 2003) (stating that arguments without authority in support and contrary to established precedent were frivolous). This Court even noted that Defendants cited no contract law in support of their position that Mr. Smith would be bound to arbitrate by a contract provision he did not agree to and was not provided with. *See* ECF No. 51 at 4 (the Court's order noting that generally, an arbitration provision cannot bind a non-signatory and that Defendants cite no state law in support of their position).

The Triad Defendants' sole source of authority to support their position that the parties should be compelled to arbitrate is *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir.

2

2019). *See* ECF No. 56 at 3. But *Dorman* is not binding[1] and, in this context, is non-persuasive. As Mr. Smith pointed out in his opposition to the motion to compel arbitration (and the Court acknowledged in its order, ECF No. 51 at 4-5), the facts of *Dorman* make that case clearly distinguishable. The *Dorman* plaintiff (i) saw; (ii) agreed to; and (iii) *physically signed* several arbitration agreements during the course of his employment. *Dorman v. Charles Schwab & Co. Inc.*, No. 17-cv-00285, 2018 WL 467357, at *2, *4 (N.D. Cal. Jan. 18, 2018); ECF No. 46 at 11. Here, by contrast, Mr. Smith never saw, agreed to, or signed any arbitration agreement. In fact, the arbitration provision was not added to the Plan Document during his employment with Triad, and Defendants never provided him notice of the arbitration amendment. The first time Mr. Smith saw the arbitration clause was when Defendants attached it to their motion to compel arbitration in this litigation. Mr. Smith requested a copy of the Plan Document from the Plan Administrator prior to filing suit, ECF No. 46 at 3-4, but the Plan Administrator failed to send Mr. Smith the Plan Document or any of the amendments, including the amendment adding the arbitration clause. *Id*. Instead, the Plan Administrator sent Mr. Smith the Summary Plan Description, which *expressly states* that a plaintiff is permitted to file suit in federal court. *Id*. The Triad Defendants' position that a party can be bound by an arbitration provision unilaterally added to the Plan when the participant never received notice of the provision nor agreed to it is completely lacking any authority or support. Accordingly, this Court should hold that the Triad Defendants' appeal is frivolous and decline to grant the stay.

Second, Defendant GreatBanc is not a party to the purported arbitration agreement, has already answered the Complaint, has not appealed the district court ruling denying arbitration, and

---

[1] As the Court pointed out in its order, ECF No. 51 at 4, *Dorman* is an unpublished, non-precedential opinion from another circuit, which makes it non-binding on this Court.

has not sought to stay the litigation. *See* ECF Nos. 30, 45, 55. Per the Seventh Circuit's ruling in *Bradford-Scott*, discovery may proceed against GreatBanc. *Bradford-Scott*, 128 F.3d at 506-07. If discovery against the Triad Defendants is stayed while discovery proceeds against Defendant GreatBanc, Mr. Smith will be prejudiced and the case will develop two separate tracks for trial. Discovery in this case will heavily involve the details of the ESOP Transaction, of which the Triad Defendants and Defendant GreatBanc likely have different documents—for example, GreatBanc, the Trustee, would have documents such as the valuation report, while the Triad Defendants would have documents underlying the financial valuation of Triad and minutes of the Triad Board discussing the ESOP Transaction. Bifurcating discovery against these Defendants would prevent Mr. Smith from obtaining a full set of documents to prepare a case against GreatBanc, which would greatly prejudice him. In contrast, if document discovery proceeded against all Defendants simultaneously, Mr. Smith would have access to all relevant documents when preparing his case against GreatBanc. Moreover, staying discovery against the Triad Defendants would create two separate tracks for trial. To avoid these inefficiencies and the resulting prejudice to Mr. Smith, the Court should allow discovery to proceed against both GreatBanc and the Triad Defendants. *See Jones v. Travco Ins. Co.*, No. 1:13–cv–01069, 2014 WL 1404726, at *2 (S.D. Ind. Apr. 9, 2014) (denying stay of discovery because "[i]t is extraordinarily inefficient for the court to divide discovery into two wholly separate tracts"); *RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12–cv–6198, 2013 WL 6645472, at *4 (N.D. Ill. Dec. 16, 2013) (denying motion to stay discovery based on "substantial efficiencies resulting from reviewing common documents").

Contrary to the Triad Defendants' argument that allowing discovery to proceed against them may result in "wast[ing] a substantial amount of time and resources" in the event that their appeal is successful, ECF No. 56 at 2, discovery will be required even if the Seventh Circuit orders

4

arbitration. Mr. Smith will need to take discovery concerning the amount of proceeds the Triad Defendants received from the ESOP Transaction and the current location of those proceeds whether or not the case stays in federal court or proceeds to arbitration. Thus, there will be little waste of efforts in the event the Seventh Circuit reverses the order denying arbitration.

Nonetheless, if this Court stays discovery while the case is on appeal, Mr. Smith alternatively requests that (i) he be permitted to conduct limited discovery on the amount of proceeds the Triad Defendants received from the ESOP Transaction and the current location of those proceeds; and (ii) the Court order the Triad Defendants to preserve all relevant documents and enjoin the Triad Defendants from transferring or dissipating any Transaction proceeds during the pendency of the appeal. The appeal to the Seventh Circuit may take a year or even more, during which the Triad Defendants remain in sole possession and control of the proceeds of the ESOP Transaction and may be incentivized to transfer those assets to make collecting any potential judgment for the class much more difficult for Mr. Smith.[2] Allowing him to conduct limited discovery on the ESOP Transaction proceeds immediately and enjoining the Triad Defendants from moving or dissipating all proceeds from the Transaction that they have received or receive in the future would guard against this possibility while the Seventh Circuit rules on the appeal. Additionally, ordering the Triad Defendants to preserve all relevant documents will serve the

---

[2] This strategy is not uncommon for individual defendants in ESOP or other ERISA cases, which leads to lengthy collection proceedings that are detrimental to the class obtaining the recovery ordered by the Court. *See, e.g.*, *Chesemore v. Fenkell*, No. 3:18-cv-00724 (W.D. Wis.) (collection proceeding against defendant in an ESOP case after favorable judgment for plaintiffs and defendant fraudulently transferred proceeds of the ESOP transaction to avoid paying judgment); *Severstal Wheeling, Inc. Retirement Comm. v. WPN Corp.*, No. 9:19-cv-81583 (S.D. Fla.) (collection proceeding against ERISA defendants after favorable judgment for plaintiff and transfer of proceeds).

interest of justice by preserving evidence during the appeal and preventing spoliation.[3] *See Pine Top Receivables of Ill., LLC v. Banco De Seguros Del Estado*, No. 12 C 6357, 2013 WL 3776971, at *2 (N.D. Ill. July 18, 2013) (rejecting a motion to stay discovery while arbitration order was appealed but agreeing to order that relevant evidence be preserved); *Gilman v. Walters*, No. 3:12-cv-114, 2013 WL 1327354, at *3 (S.D. Ind. Jan. 31, 2013) (stating that "[p]ursuant to the rules of law and their inherent powers of equity, federal district courts have the power to appoint receivers to preserve assets and rights during litigation" and appointing a receiver to prevent dissipation of assets while certain issues were referred to arbitration); *see also Cohn v. Guar. Rate, Inc.*, 318 F.R.D. 350, 354 (N.D. Ill. 2016) (noting a district court's inherent power to order sanctions for spoliation of evidence/failure to preserve evidence).

In conclusion, Mr. Smith respectfully requests that the Court deny the Triad Defendants' motion to stay discovery, or in the alternative: (1) allow him to conduct immediate limited discovery on the amount and location of all proceed obtained from the ESOP Transaction; (2) enjoin the Triad Defendants from moving or dissipating all proceeds from the Transaction that they have received or receive in the future; and (3) order that Defendants preserve all relevant evidence during the pendency of the appeal.

By: /s/ Michelle C. Yau
Michelle C. Yau, *pro hac vice*
Mary J. Bortscheller, Illinois Bar: 6304457
Daniel R. Sutter, *pro hac vice*
Jamie L. Bowers, *pro hac vice*
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor

---

[3] Mr. Smith broached the topic of document preservation at the Rule 26(f) conference held on May 29, 2020, but Defendants stated that they were unwilling to discuss at that point. *See* Declaration of Michelle Yau ¶¶ 3-7. Mr. Smith has no information on what Defendants have done to preserve relevant documents for discovery and thus requests that the Court take steps to ensure this preservation if it is inclined to stay discovery during the Triad Defendants' appeal.

Washington, DC 20005
(202) 408-4600
myau@cohemilstein.com
mborscheller@cohenmilstein.com
dsutter@cohenmilstein.com
jbowers@cohenmilstein.com

Carol V. Gilden, Illinois Bar: 6185530
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
(312) 357-0370
cgilden@cohenmilstein.com

*Plaintiff's Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Opposition to Triad Defendants' Motion to Stay Litigation Pending Appeal was served, this 18th day of September, 2020, upon counsel of record via the Court's CM/ECF system**.**

                                                                     /s/ Jamie Bowers
                                                                     Jamie Bowers