IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SMITH, on behalf of himself and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan,<br><br>      Plaintiff,<br><br>      v.<br><br>GREATBANC TRUST COMPANY, THE BOARD OF DIRECTORS OF TRIAD MANUFACTURING, INC., DAVID CAITO, ROBERT HARDIE, and MICHAEL McCORMICK,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 20 C 2350<br><br>Judge Ronald A. Guzmán |

**ORDER**

     The Triad Defendants' motion to stay this litigation pending appeal [56] is granted. All proceedings in this case, including all discovery proceedings, are stayed until further order of court.

**STATEMENT**

     On August 21, 2020, the Court entered a Memorandum Opinion and Order denying the Triad Defendants' motion to compel arbitration or dismiss the case. The Federal Arbitration Act, 9 U.S.C. § 16(a), provides that such decisions are immediately appealable, unlike most interlocutory rulings. The Triad Defendants appealed. Now before the Court is their motion to stay this litigation pending appeal.

     Under *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997), a notice of appeal from a decision denying a motion to compel arbitration divests the district court of jurisdiction over those aspects of the case that are involved in the appeal, unless the appeal is frivolous. Plaintiff opposes the Triad Defendants' motion on the ground that the appeal is frivolous. The Court disagrees. While the Court ultimately was not persuaded by the Triad Defendants' arguments or the authority on which they relied, it cannot say that their arguments are wholly without merit, because the intersection between the FAA and ERISA is a developing area of law.

     Plaintiff further argues that under *Bradford-Scott*, discovery may proceed against defendant GreatBanc Trust Company, which did not move to compel arbitration, and that

plaintiff will be prejudiced if the case develops on two separate discovery tracks. But in *Bradford-Scott*, the Court of Appeals indicated that when there are defendants who have not appealed, the district court "should decide whether discovery among" the plaintiff and those defendants "sensibly can proceed" without the appellants, and if not, the court should put a hold on all discovery until the appeal is resolved. 128 F.3d at 506-07. Given the nature of the factual allegations here, the Court does not see how discovery sensibly can proceed against GreatBanc without the Triad Defendants' participation. Accordingly, discovery will be stayed as to the entire case during the pendency of the appeal, and plaintiff's request that he be permitted to conduct limited discovery on the amount of proceeds the Triad Defendants received from the ESOP Transaction and the current location of those proceeds is denied.

Plaintiff expresses concerns about a possibly lengthy appeal process and difficulty in collecting a potential judgment, and he seeks an order (1) directing the Triad Defendants "to preserve all relevant documents" and (2) enjoining them from "transferring or dissipating any Transaction proceeds during the pendency of the appeal." (ECF No. 61, Pl.'s Resp. at 5.) The Court declines to do so. Defendants are under a continuing duty to preserve potentially relevant evidence even if proceedings in this court are stayed, and plaintiff's assertion that defendants might dissipate assets is based on sheer speculation.

**DATE:** September 21, 2020

**Hon. Ronald A. Guzmán**
**United States District Judge**