# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| James Smith, on behalf of himself and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan,<br><br>      Plaintiff,<br><br>v.<br><br>GreatBanc Trust Company; the Board of Directors of Triad Manufacturing, Inc.; David Caito; Robert Hardie; and Michael McCormick,<br><br>      Defendants. | Civil Action No.: 1:20-cv-02350<br><br>HON. JUDGE RONALD GUZMAN |

## JOINT STATUS REPORT

Plaintiff James Smith, Defendants David Caito; Robert Hardie; Michael McCormick and the Board of Directors of Triad Manufacturing, Inc.; ("Triad Defendants") and Defendant GreatBanc Trust Company (collectively "Defendants") jointly submit this Status Report pursuant to the Court's October 4, 2021 Order (ECF No. 74).

**I.  Nature of the Case**

    A.  Counsel

Plaintiff James Smith is represented by lead counsel Mary Bortscheller, Michelle Yau, Daniel Sutter, and Laura Older of Cohen Milstein Sellers & Toll PLLC. Triad Defendants are represented by Matthew Grabell and Ben Fryer of Ford & Harrison, LLP. Defendant GreatBanc Trust Company is represented by Mark Nebrig and Kristen Kenley of Moore & Van Allen PLLC and Adam Glazer, Norman Finkel, and William Klein of Schoenberg, Finkel, Newman & Rosenberg, LLC. On October 7, 2021, counsel met and conferred telephonically pursuant to the Court's October 4, 2021 Order (ECF No. 74).

B. Claims and Jurisdiction

1. Plaintiff's Position:

Plaintiff asserts claims against Defendants under the Employee Retirement Income Security Act ("ERISA") on behalf of all other similarly situated participants in the Triad Manufacturing, Inc. Employee Stock Ownership Plan (the "Plan"). 29 U.S.C. § 1001 *et seq*. Plaintiff alleges that Defendants engaged in prohibited transactions in violation of 29 U.S.C. § 1106 and imprudent and disloyal conduct in violation of 29 U.S.C. § 1104 when dealing with the Plan. Plaintiff alleges that the Triad Plan is a retirement plan where the employer's retirement contributions, made on behalf of employees, are invested entirely in the employer's privately held stock, 29 U.S.C. § 1107(d)(6); *see also* 29 C.F.R. § 2550.407d–6. Plaintiff further alleges that these contributions constitute an important part of the employees' retirement savings.

Plaintiff's factual allegations center on Defendants Caito, Hardie and McCormick's sale of their stock in Triad Manufacturing, Inc. to the Plan at an inflated value of $58.05 per share (or $106.2 million in the aggregate). Plaintiff alleges that the Plan participants did not negotiate the purchase price of $58.05 per share or any other terms of the Transaction, and agreed to by the Plan Trustee, GreatBanc and the Selling Shareholders. For the alleged conduct, Plaintiff seeks remedies pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), including the restoration of the losses Defendants caused to the Plan's retirement assets. Plaintiff also seeks appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3) including, but not limited to, declaratory judgement, injunction, surcharge, and disgorgement of profits. Plaintiff avers that the class may be certified pursuant to either Rule 23(b)(1), Rule 23(b)(2), and Rule 23(b)(3).

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, and Plaintiff has standing to assert his claims. The Court also has personal jurisdiction over the Defendants because they transact business in, and have

significant contacts with, this District. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) because, *inter alia*, Defendant GreatBanc resides in this district, alleged breaches of fiduciary duty took place in this district, and Triad Defendants employ individuals in this District.

2. Triad Defendants' Position:

The Triad Defendants believe that Plaintiff's claims against them are completely without merit. To the extent each of the respective Triad Defendants had a fiduciary duty, and to the extent each of the respective Triad Defendants were acting in a fiduciary capacity, each of the Triad Defendants acted in accord with said duty both before and after the Transaction took place. Moreover, the Triad Defendants carefully vetted, and thereafter retained highly regarded experts to perform the valuation of the share price and ensure that the Transaction was conducted in the best interest of the participants. Those experts work was monitored in accordance with any fiduciary duty each of the respective Triad Defendants may have had. Moreover, none of the Triad Defendants engaged in a prohibited transaction because the Transaction was conducted in accordance with the prohibited transactions exemptions under ERISA § 408 (29 U.S.C. §1108) and in accord with all duties the Triad Defendants may have respectively had. Finally, the Triad Defendants do not believe that class action is appropriate in this case because Plaintiff cannot satisfy the requirements Rule 23, and therefore, a class is not certifiable. As a result, the Triad Defendants do not believe Plaintiff is entitled to any relief in this matter.

3. GreatBanc's Position:

GreatBanc disputes Plaintiff's allegations that GreatBanc engaged in prohibited transactions in violation of 29 U.S.C. § 1106 and imprudent and disloyal conduct in violation of 29 U.S.C. § 1104 when dealing with the Plan (or the "ESOP"). It is GreatBanc's position that, contrary to the allegations in the Complaint, GreatBanc fulfilled its role as the independent, discretionary trustee of the Plan pursuant to any and all fiduciary duties imposed by virtue of that

position. GreatBanc carefully considered all terms of the ESOP's purchase of the Triad Manufacturing, Inc. stock (the "Transaction"), including appropriately considering the effect that financing the purchase of the stock would have on the Plan. Based on this detailed review, GreatBanc negotiated for favorable Transaction terms for the ESOP. GreatBanc also conducted an extensive review of detailed, accurate information to gather a reliable view of the financial state of the company, such as a valuation report containing a conclusion of a range of fair market value of the Triad stock. GreatBanc disputes Plaintiff's allegations that the valuation report was based on unreliable or unrealistic projections.

Each step of the process was conducted with the utmost diligence, and GreatBanc ultimately approved the transaction based on its informed opinion that doing so would be in the best interest of the Triad ESOP participants, including Plaintiff. Any allegations that Plaintiff pleads to the contrary are denied.

GreatBanc agrees that the Court has personal jurisdiction over GreatBanc, and that venue is proper in this district as it relates to GreatBanc. GreatBanc's position is further detailed in its Answer to Plaintiff's Complaint and Affirmative Defenses filed on June 29, 2020.

## II.     Discovery and Motions

### A.     Motions

Plaintiff filed his complaint on April 15, 2020. (ECF No. 1). On June 1, 2020, the Triad Defendants filed a motion to compel arbitration and/or dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3) and/or 12(b)(6). (ECF No. 29). This Court denied the motion on August 21, 2020 (ECF No. 51). The Triad Defendants' appealed the denial to the Seventh Circuit Court of Appeals, which on September 10, 2021, affirmed the District Court's decision denying the motion to compel arbitration and/or dismiss.

The Parties anticipate filing a motion for a protective order governing the exchange of

confidential information.

B. Discovery

The Parties have exchanged initial disclosures.

The Parties report as follows regarding the contents of Rule 26(f):

**Rule 26(f)(3)(B)**: The Parties submit that discovery does not need to be conducted in phases or limited to/focused on specific issues beyond the issues asserted in the Complaint and Defendants' responsive pleadings. Plaintiff anticipates seeking discovery regarding the allegations asserted in the Complaint, Defendants' responsive pleadings and damages. Defendants anticipate seeking discovery on the allegations asserted in Plaintiff's Complaint and Plaintiff's representation of the putative class. The Parties anticipate that expert discovery will be necessary following the close of fact discovery.

**Rule 26(f)(3)(C)**: The Parties have agreed to meet and confer on October 15, 2021 regarding electronically stored information ("ESI"), including the form(s) in which it will be produced.

**Rule 26(f)(3)(D)**: The Parties do not believe any issues exist regarding privilege claims or protection of trial-preparation materials.

**Rule 26(f)(3)(E)**: The Parties agree that Plaintiff's depositions will be limited to 15 depositions, and GreatBanc and the Triad Defendants will each be limited to 10 depositions, with the Triad Defendants collectively limited to 10 depositions, and with the ability to seek additional depositions by agreement or with leave of Court if necessary. The Parties agree that Plaintiff will be limited to 35 written interrogatories, and GreatBanc and the Triad Defendants will each be limited to 25 interrogatories, with the Triad Defendants collectively limited to 25 interrogatories, and with the ability to seek additional interrogatories by agreement or with leave of Court if necessary.

**Rule 26(f)(3)(F)**: The Parties request the issuance of a scheduling order under Rule 16(b).

**II.     Settlement**

The Parties discussed the prospects of prompt settlement and believe that settlement at this stage of litigation is premature prior to the exchange of discovery regarding the sale of Triad stock to the Plan.

**III.    Proposed Schedule**

The Parties' scheduling proposal is summarized in the chart below.

| Event | Proposal |
|---|---|
| Pleading Amendment | February 28, 2022 |
| Document Production Completion | April 29, 2022 |
| Close of Fact Discovery | August 1, 2022 |
| Motion for Class Certification | August 17, 2022 |
| Opposition to Class Certification | September 21, 2022 |
| Class Certification Reply | October 12, 2022 |
| Opening Expert Reports | November 30, 2022 |
| Rebuttal Reports | January 15, 2023 |
| Close of Expert Discovery | February 15, 2023 |
| Dispositive Motions | March 3, 2023 |
| Opposition to Dispositive Motions | April 3, 2023 |
| Reply to Dispositive Motions | April 24, 2023 |

[Remainder of page intentionally left blank]

Dated: October 11, 2021

Signed:

*/s/ Mary J. Bortscheller*
COHEN MILSTEIN SELLERS & TOLL PLLC
Michelle C. Yau (admitted *pro hac vice*)
Mary J. Bortscheller, Illinois Bar: 6304457 Daniel R. Sutter, (admitted *pro hac vice*) 1100 New York Ave. NW ● Fifth Floor Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com
dsutter@cohenmilstein.com

Carol V. Gilden, Illinois Bar: 6185530
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel: (312) 357-0370 / Fax: (312) 357-0369
cgilden@cohenmilstein.com

*Attorneys for Plaintiff*

Signed:

*/s/ Matthew D. Grabell*
Matthew D. Grabell (Bar No. 6312929)
FORD & HARRISON, LLP
271-17th Street, NW, Suite 1900
Atlanta, GA 30363
Mgrabell@fordharrison.com
(404) 888-3820
Benjamin P. Fryer (*pro hac vice forthcoming*)
North Carolina Bar No. 39254
FORD & HARRISON, LLP
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
bfryer@fordharrison.com
Telephone: (980) 282-1900
Facsimile: (980) 282-1949

*Attorneys for Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, and Michael McCormick*

*/s/ Kristen J. Kenley*
Mark A. Nebrig (*admitted pro hac vice*)
North Carolina Bar No. 28710
Kristen J. Kenley (*admitted pro hac vice*)
North Carolina Bar No. 49310
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28205
Telephone: (704) 331-3602
Facsimile: (704) 339-5974
marknebrig@mvalaw.com
kristenkenley@mvalaw.com

Adam J. Glazer (Bar No. 6199294)
Norman T. Finkel (Bar No. 6183246)
William R. Klein (Bar No. 6185715)
SCHOENBERG, FNKEL, NEWMAN & ROSENBERG LLC
222 South Riverside Plaza, Suite 2100
Chicago, IL 60606
Telephone: (312) 648-2300
adam.glazer@sfnr.com
norm.finkel@sfnr.com
bill.klein@sfnr.com

*Attorneys for Defendant GreatBanc Trust Company*