UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

James Smith, et al.
                              Plaintiff,

v.                                                               Case No.: 1:20−cv−02350
                                                                Honorable Ronald A. Guzman

Greatbanc Trust Company, et al.
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, May 2, 2022:

      MINUTE entry before the Honorable Young B. Kim: Plaintiffs' motion to compel [113] is granted to the extent ordered herein. In their motion, Plaintiffs seek documents responsive to their Request for Production of Documents No. 7 served on both Defendant GreatBanc Trust Company ("GreatBanc") and the Triad Defendants (together, "Defendants"). More specifically, Plaintiffs seek documents related to the 2016−2019 annual valuation reports Stout Risius Ross, LLC ("Stout") prepared and submitted to Defendants. Defendants oppose the motion on the basis that these documents are not relevant to Plaintiffs' claims. That is because, they say, post−2015 transaction data cannot be used to judge the actions Defendants took based on information available to them in December 2015. Defendants also argue that Plaintiffs' demand is not proportional to the needs of the case as they have already produced the 2016−2019 valuation reports. The court overrules Defendants' relevance objection. Although Defendants are entitled to argue that their actions must be judged by the information that was available to them in 2015, Plaintiffs' claims also extend to Defendants' inaction after the 2015 transaction. Furthermore, Plaintiffs are entitled to support their theory of liability by highlighting the information GreatBanc supposedly relied on in 2015 and the absurdity of such reliance based on what really took place after 2015. No one can of course demand 100% accuracy when it comes to financial and market projections. That said, Plaintiffs' theory of the case is that−−−as this court understands it−−−despite the fact that their area experienced two−inches of snow in the preceding two days, GreatBanc decided in 2015 to accept a weather forecast calling for sunny, 90−degree weather for the next few days and acted accordingly, which proved to be disastrous. Plaintiffs wish to investigate the details of the annual valuation reports to determine the level of Great Banc's failures in aligning its actions with this weather forecast, which in turn leads to the question of whether Triad's Board should have taken action against GreatBanc after the 2015 transaction. The motion is granted and Defendants are ordered to produce the work papers Stout used to perform its 2016−2019 valuations and emails exchanged between Defendants and Stout and among Defendants within 30 calendar days of Stout submitting the annual valuation to any Defendant named in this lawsuit. This search limitation adequately addresses Defendants' concerns that they should not be forced to track down every note or communication related to the valuations during the last seven years. Defendants are to comply with this order by May 20, 2022. Written discovery is now closed, except for

supplementing earlier discovery responses as required under Rule 26(e) and serving requests to admit and subpoenas for records. Parties are reminded that they have until September 30, 2022, to complete all fact discovery. Parties are to file a joint status report by September 16, 2022, advising the court whether they require expert discovery. Mailed notice(Kim, Young)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.