**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| James Smith and Jerry Honse, on behalf of themselves and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plans, <br><br> Plaintiffs, <br><br> v. <br><br> GreatBanc Trust Company, the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, Michael McCormick, Elizabeth J. McCormick, Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust, Michael K. McCormick Second Amended and Restated Revocable Living Trust, David M. Caito Revocable Trust, and First Amended and Restated Robert Hardie Revocable Trust, <br><br> Defendants. | Civil Action No.: 1:20-cv-02350 <br><br> JUDGE RONALD A. GUZMAN <br><br> MAGISTRATE JUDGE YOUNG B. KIM |

**STIPULATION AS TO PROCEEDS OF THE 2015 TRIAD ESOP TRANSACTION IN THE POSSESSION OF THE SELLING SHAREHOLDER DEFENDANTS**

Plaintiffs James Smith and Jerry Honse ("Plaintiffs"), and Defendants David Caito, Robert Hardie, and Michael McCormick (collectively, the "Board Defendants"), Elizabeth McCormick, and the Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust ("EJM Trust"), the Michael K. McCormick Second Amended and Restated Revocable Living Trust ("MKM Trust"), the David M. Caito Revocable Trust ("DMC Trust"), and the First Amended and Restated Robert Hardie Revocable Trust ("RH Trust") (collectively with the Board Defendants

and Elizabeth J. McCormick, the "Selling Shareholders" or "Selling Shareholder Defendants"), hereby submit this joint stipulation as to the traceability of the proceeds of the 2015 Triad ESOP Transaction:

**RECITALS:**

1. On December 28, 2015, the Triad Manufacturing, Inc. Employee Stock Ownership Plan ("the ESOP") purchased 1,830,000 common shares (representing 100% of Triad's outstanding common stock after giving effect to a 500-to-1 stock split) from the Selling Shareholder Defendants for aggregate consideration of approximately $106.2 million ("the 2015 Triad ESOP Transaction"). As part of the 2015 Triad ESOP Transaction, Triad Manufacturing, Inc. ("Triad" or "the Company") loaned approximately $106.2 million to the ESOP. The 2015 Triad ESOP Transaction was financed in part by a $72.8 million loan from the Selling Shareholder Defendants to the Company ("the Seller Notes").

2. The First Amended Complaint alleges in Count IV that the Selling Shareholders and Board Defendants are "parties in interest" to the ESOP within the meaning of ERISA §3(14), 29 U.S.C. § 1002(14)" who engaged in prohibited transactions under ERISA § 406(a)(1), 29 U.S.C. § 1006(a)(1). First Amended Complaint ("FAC"), ECF No. 99 at ¶ 186–90.

3. In particular, the FAC alleges that the "ESOP's purchase of 1.83 million shares of Triad common stock from the Selling Shareholders constituted a direct or indirect exchange of property between the ESOP and parties in interest in violation of ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A)," and that after the 2015 Triad ESOP Transaction, "each individual note payment to the Selling Shareholders by Triad

constituted another indirect exchange of property between the ESOP and the Selling Shareholders in violation of ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), as well as a transfer of the ESOP assets to the Selling Shareholders in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D)." *Id*. at ¶ 188–89.

4. The FAC further alleges that the Selling Shareholders and Board Defendants are liable as parties in interest for appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

5. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), "appropriate equitable relief" refers to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Associates,* 508 U.S. 248, 256 (1993). Therefore, an action authorized by this provision "generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 214 (2002).

6. In November 2021, Plaintiffs served written discovery requests on the Selling Shareholder Defendants which sought documents and information regarding the tracing of the proceeds of the sale of the Triad stock in the 2015 Triad ESOP Transaction to the Selling Shareholders' possession ("Tracing Discovery").

7. The Selling Shareholders agreed in a discovery meet and confer in February 2022 to produce documents in response to Plaintiffs' Tracing Discovery requests, and later did produce certain responsive documents. However, Plaintiffs have sought additional Tracing Discovery responsive to the written discovery requests from the Selling Shareholders.

8. In order to avoid a discovery dispute, and in the interest of efficiency and conservation of resources, Plaintiffs and the Selling Shareholders have agreed that in lieu of seeking additional production of documents responsive to the Tracing Discovery requests, Plaintiffs and the Selling Shareholders stipulate and agree as follows:

**STIPULATION:**

9. The Selling Shareholders represent that they each currently possess – whether in segregated accounts, Seller Notes, or real property purchased with the proceeds of the 2015 Triad ESOP Transaction – particular funds or property traceable to the 2015 Triad ESOP Transaction ("Traceable Assets").

10. Elizabeth McCormick, in her personal capacity and as the Trustee for the EJM Trust, warrants and represents that she and/or the EJM Trust currently owns or possesses, and will continue to own or possess through any eventual date of judgment, Traceable Assets in a value of at least $3,750,000 (three million seven hundred and fifty thousand dollars).

11. Elizabeth McCormick, in her personal capacity and as the Trustee for the EJM Trust, further warrants and represents that she and/or the EJM Trust will not in any way dissipate or disburse the $3,750,000 (three million seven hundred and fifty thousand dollars) in Traceable Assets prior to any eventual date of judgment in the matter captioned *Smith v. GreatBanc Trust Company, et al.*, Civil Action No. 1:20-cv-02350, now pending in the Northern District of Illinois.

12. Michael McCormick, in his personal capacity and as the Trustee for the MKM Trust, represents that he and/or the MKM Trust currently owns or possesses, and will continue

to own or possess through any eventual date of judgment, Traceable Assets in a value of greater than $3,750,000 (three million seven hundred and fifty thousand dollars).

13. Michael McCormick, in his personal capacity and as the Trustee for the MKM Trust, further represents and agrees that he and/or the MKM Trust will not in any way dissipate or disburse the $3,750,000 (three million seven hundred and fifty thousand dollars) in Traceable Assets prior to any eventual date of judgment in the matter captioned *Smith v. GreatBanc Trust Company, et al.*, Civil Action No. 1:20-cv-02350, now pending in the Northern District of Illinois.

14. David Caito, in his personal capacity and as the Trustee for the DMC Trust, represents that he and/or the DMC Trust currently owns or possesses, and will continue to own or possess through any eventual date of judgment, Traceable Assets in a value of greater than $7,500,000 (seven million five hundred thousand dollars).

15. David Caito, in his personal capacity and as the Trustee for the DMC Trust, further represents and agrees that he and/or the DMC Trust will not in any way dissipate or disburse the $7,500,000 in Traceable Assets prior to any eventual date of judgment in the matter captioned *Smith v. GreatBanc Trust Company, et al.*, Civil Action No. 1:20-cv-02350, now pending in the Northern District of Illinois.

16. Robert Hardie, in his personal capacity and as the Trustee for the RH Trust, represents that he and/or the RH Trust currently owns or possesses, and will continue to own or possess through any eventual date of judgment, Traceable Assets in a value of greater than $7,500,000 (seven million five hundred thousand dollars).

17. Robert Hardie, in his personal capacity and as the Trustee for the RH Trust, further represents and agrees that he and/or the RH Trust will not in any way dissipate or

disburse the $7,500,000 in Traceable Assets prior to any eventual date of judgment in the matter captioned *Smith v. GreatBanc Trust Company, et al.*, Civil Action No. 1:20-cv-02350, now pending in the Northern District of Illinois.

18. Selling Shareholder Defendants will not assert at summary judgment or trial that Plaintiffs do not seek "appropriate equitable relief" under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), on the grounds that Plaintiffs have failed to prove that there are Traceable Assets up to the stipulated amount in possession of the Selling Shareholder Defendants. For the avoidance of doubt, Selling Shareholder Defendants are not hereby waiving any other defenses or affirmative defenses that they may have to Plaintiffs' claims.

19. In the event of a judgment in this matter, Plaintiffs would not dispute, and would agree that to the extent permitted by law, that each of the Selling Shareholders would be entitled to write down the value of the Seller Notes as an offset in any liability judgment against them on Counts II, IV, or V in the FAC, in consideration of the Board Defendants' agreement to simultaneously write down the loan between the Company and the ESOP for an equivalent amount as any write-down to the Seller Notes. For the avoidance of doubt, the amount of any such an offset would be applicable only to the individual Selling Shareholders' liability for violations of ERISA § 404 (breach(es) of fiduciary duty), § 406 (prohibited transaction(s)) or § 405 (co-fiduciary liability). For the avoidance of doubt, the offset may not be applied to liability for ERISA § 410 or ERISA § 502(g).

20. For the avoidance of doubt, Michael McCormick, David Caito and Robert Hardie, in their capacity as members of the Board of Directors of Triad Manufacturing, Inc., each

agrees on behalf of the Board, that in the event of a judgment in this matter wherein any Selling Shareholder writes down the value of a Seller Note to satisfy their personal liability, Triad will write down the loan between the Company and the ESOP for an equivalent amount as any write-down to the Seller Notes.

21. To the extent that Messrs. McCormick, Caito, or Hardie are no longer serving on the Board of Directors of Triad Manufacturing, Inc. at the time of any judgment in this matter, if any one of them remains in service on the Board, each of them agrees that this Stipulation shall bind their respective successors on the Board.

22. In consideration of the Recitals, representations, warranties and agreements stated herein, Plaintiffs agree to forego pursuing the production of additional documents from the Selling Shareholders responsive to the Tracing Discovery requests.

**IT IS SO STIPULATED.**

Dated: August 24, 2022

*/s/ Mary J. Bortscheller*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michelle C. Yau (admitted *pro hac vice*)
Mary J. Bortscheller, Illinois Bar: 6304457
Daniel R. Sutter (admitted *pro hac vice*)
Laura Older Rockmore (admitted *pro hac vice*)
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com
dsutter@cohenmilstein.com
lorockmore@cohenmilstein.com

Carol V. Gilden, Illinois Bar: 6185530
190 South LaSalle Street, Suite 1705
Chicago, IL 60603

*/s/ Matthew D. Grabell*
**FORDHARRISON, LLP**
Matthew D. Grabell, Illinois Bar: 6312929
271 – 17th Street, NW, Suite 1900
Atlanta, GA 30363
Tel: (404) 888-3820
mgrabell@fordharrison.com

Benjamin P. Fryer (admitted *pro hac vice*)
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
Tel: (980) 282-1900 / Fax: (980) 282-1949
bfryer@fordharrison.com

*Counsel for Selling Shareholder Defendants*

Tel: (312) 357-0370 / Fax: (312) 357-0369
cgilden@cohenmilstein.com

**FEINBERG, JACKSON, WORTHMAN &
WASOW, LLP**
Nina Wasow (admitted *pro hac vice*)
Dan Feinberg (admitted *pro hac vice*)
2030 Addison Street ● Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
nina@feinbergjackson.com
dan@feinbergjackson.com

*Counsel for Plaintiffs*

8