**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| James Smith and Jerry Honse, on behalf of themselves and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>GreatBanc Trust Company, the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, Michael McCormick, Elizabeth J. McCormick, Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust, Michael K. McCormick Second Amended and Restated Revocable Living Trust, David M. Caito Revocable Trust, and First Amended and Restated Robert Hardie Revocable Trust, <br><br>　　　　Defendants. | Civil Action No.: 1:20-cv-02350-FUV <br><br> JUDGE FRANKLIN U. VALDERRAMA <br><br> MAGISTRATE JUDGE YOUNG B. KIM |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs James Smith and Jerry Honse, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the Settlement of this Action and for certification of a Settlement Class, in accordance with the Class Action Settlement Agreement dated April 19, 2023 (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement of this action. The Court, having read and considered the Settlement Agreement, the Motion, and

the exhibits thereto, HEREBY ORDERS that:

1. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Settlement.** Plaintiffs, on behalf of themselves and all members of the Class, and Defendants GreatBanc Trust Company ("GreatBanc"), the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, Michael McCormick, Elizabeth J. McCormick, Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust, Michael K. McCormick Second Amended and Restated Revocable Living Trust, David M. Caito Revocable Trust, and First Amended and Restated Robert Hardie Revocable Trust (collectively the "Defendants"), have negotiated a proposed settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against the Releasees (as defined in the Settlement Agreement).

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of this Action and over all parties to this Action. Venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class.** The Court certifies the following Settlement Class: all participants in the Triad ESOP from December 17, 2015 through December 31, 2022 who vested

2

under the terms of the Plan, and those participants' beneficiaries, excluding the individual Triad Defendants and the legal representatives, successors, and assigns of any such excluded persons.

6. **Class Representatives and Class Counsel.** The Court appoints Plaintiffs James Smith and Jerry Honse as Class Representatives, and the law firms Cohen Milstein Sellers & Toll PLLC and Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel.

7. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on August 22, 2023, at 9:30 a.m., at the United States District Court for the Northern District of Illinois, in the courtroom of Judge Franklin U. Valderrama, Everett McKinley Dirksen U.S. Courthouse, 219 Dearborn Street, Courtroom 1941, Chicago, IL 60604. At the Fairness Hearing, the Court will address any written objections and oral statements from Class Members and will determine, among other things: (i) whether the proposed Settlement of this Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order should be entered; (iii) whether the Parties should be bound by the Releases set forth in Section XI of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any service award to the Class Representatives for their representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

8. **Class Notice.** The Court approves the form, substance, and requirements of the proposed Class Notice, attached to this Proposed Order. The Court further finds that the proposed Class Notice meets the requirements of Rule 23 and due process. The Court further finds that sending the Class Notice to all Class Members by U.S. Mail (or electronic mail if delivery of notice by mail is not successful) based on the records of the ESOP's data is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to

apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement, Class Counsel's request for attorneys' fees and expenses, Class Representative service awards, and provides adequate notice to Class Members of their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid and sufficient notice to all persons entitled to notice of the proposed Class Action Settlement.

9. **Class Notice.** The Court directs that notice will be sent to all members of the proposed Settlement Class as set forth herein:

   a. Within fourteen (14) days after this Order (the "Notice Date"), the Settlement Administrator shall cause the Class Notice to be disseminated to the Class Members by first class U.S. mail and/or electronic mail, and shall post the Class Notice and the operative First Amended Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Class;

   b. the Class Notice shall be substantially in the form of Exhibit 1 attached to the Proposed Order (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs);

   c. following the issuance of the Class Notice, the Settlement Administrator shall provide Counsel with written confirmation of the mailing; and

   d. the Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

10. **Objections.** Any Class Member may object to the proposed Settlement, or any

aspect of it, and may object to attorneys' fees, expenses, and service awards, by filing a written objection with the Clerk of Court, U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 Dearborn Street, Chicago, IL 60604, on or before twenty--one (21) calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defendants' Counsel. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Smith v. GreatBanc Trust Company*, No. 1:20-cv-02350-FUV); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, a specific subset of the class, or the entire class, and (f) copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of service awards to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed ten (10) days before the Fairness Hearing.

11. **Appearance of Objectors at Fairness Hearing.** Any Class Member may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel at least twenty-one (21) days before the Fairness Hearing.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines set forth herein shall be deemed to have waived his or her right to appear at the Fairness Hearing.

12. **Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than sixty (60) calendar days prior to the Fairness Hearing and any responsive papers shall be filed and served no later than twenty-one (21) calendar days prior to the Fairness Hearing.

13. **Motion for Fees, Expenses, and Awards.** Class Counsel's motion for attorneys' fees and expenses and Class Representative service awards shall be filed and served no later than sixty (60) calendar days prior to the Fairness Hearing, any Opposition to such motion will be filed within seven (7) days of the motion, and any Reply filed within fourteen (14) days of the motion. Objections by Class Members to the motion for attorneys' fees and expenses and Class Representative service awards shall be filed and served no later than twenty-one (21) calendar days prior to the Fairness Hearing. The Court's approval or disapproval of the Settlement, and the effectiveness of the Settlement Agreement, shall not be contingent on the Court's approval or disapproval of the requested attorneys' fees, expenses, or service awards. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any service awards to the Class Representatives for their representation of the Class, should be approved.

14. **Releases.** If the Settlement is finally approved, the parties shall be bound by the Releases set forth in the Settlement Agreement.

15. **Injunction.** Pending the Fairness Hearing, the Court hereby enjoins any Class

Member from instituting, asserting, or prosecuting against any Defendant, in any pending or future action in any federal or state court or any other forum, any Released Claim that the Member currently has or may have in the future.

16. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

17. **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

18. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

19. **Continuing Jurisdiction.** This Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

| Event | Deadline |
|---|---|
| Settlement Administrator mails Class Notice | June 22, 2023 |

| | |
|---|---|
| Motion for Final Approval of Settlement | July 17, 2023 |
| Motion for of attorneys' fees and expenses, and Service Awards for Named Plaintiffs | July 17, 2023 |
| Independent Fiduciary provides written notification of its determination | July 24, 2023 |
| Objections to the Settlement; notice of intention to appear at Fairness Hearing | August 1, 2023 |
| Final Brief with Response to Objections and Settlement Administrator's Notice Declaration | August 11, 2023 |
| Fairness Hearing | August 22, 2023, 9:30 am CT |

**IT IS SO ORDERED**

Dated: June 7, 2023

_____
HON. FRANKLIN U. VALDERRAMA
U.S. DISTRICT COURT JUDGE