IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Smith and Jerry Honse, on behalf of themselves and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan, <br><br> Plaintiffs, <br><br> v. <br><br> GreatBanc Trust Company, the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, Michael McCormick, Elizabeth J. McCormick, Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust, Michael K. McCormick Second Amended and Restated Revocable Living Trust, David M. Caito Revocable Trust, and First Amended and Restated Robert Hardie Revocable Trust, <br><br> Defendants. | Civil Action No.: 1:20-cv-02350-FUV <br><br> JUDGE FRANKLIN U. VALDERRAMA <br><br> MAGISTRATE JUDGE YOUNG B. KIM |

**PLAINTIFFS' REPLY TO UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiffs James Smith and Jerry Honse, individually and as Class Representatives, submit this Reply to Plaintiffs' Unopposed Motion for Final Approval of Settlement, ECF 157, and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expense Reimbursement, Settlement Administration Expenses, and Service Awards, ECF 158 (together, the "Settlement Motions").

1. On June 7, 2023, the Court preliminarily approved the Settlement ("Preliminary Approval Order") and scheduled the Fairness Hearing for August 22, 2023. ECF 155.

2. Plaintiffs filed the Settlement Motions on July 17, 2023. ECFs 157, 158.

**No Class Member Objected to the Proposed Settlement or the Requested Attorneys' Fees, Reimbursement of Expenses, and Service Awards**

3. After being filed with the Court, the Settlement Motions were posted to the Settlement website. Declaration of Jeffrey Mitchell, attached hereto as Exhibit 3, ¶ 4.

4. Pursuant to the Preliminary Approval Order, the deadline to file written objections to the Settlement and provide copies of the same to Class Counsel and Defendants' Counsel was August 1, 2023. ECF 155.

5. As of August 11, 2023, Class Counsel has not received any objections to the proposed Settlement or to any of the requested amounts for attorneys' fees, expense reimbursements, or service awards. Declaration of Daniel Feinberg, attached hereto as Exhibit 1, ¶ 2; Declaration of Michelle C. Yau, attached hereto as Exhibit 2, ¶ 2.

6. As of August 10, 2023, Analytics has documented a total of 57 unique visitors to the Settlement website and has received a total of 25 calls and 8 emails related to the Settlement. Mitchell Decl. ¶¶ 4–6. No Class Member has articulated concerns to Analytics about any aspect of the Settlement or the requested attorneys' fees, expense reimbursements, or service awards. *Id.* ¶ 7.

7. As detailed in the Settlement Motions, the Class Notice program was highly effective, reaching over 99% of the Class. ECF 157. The Class Notice provided Class Members with information about the Settlement consideration, including the economic value of the Settlement and the amount being requested for attorneys' fees and expense reimbursement, settlement administration expenses, and service awards. *Id.*; *see also* ECF 157-4 at 6–14. The Class Notice also provided Class Members with information on how to object to the Settlement or to the requested attorneys' fees and expense reimbursement, settlement administration expenses, or

service awards. *Id.* Following this effective Class Notice, no Class Member submitted an objection to the Settlement, any of its terms, or the requested fees, expenses, or awards. The complete absence of objections from the Settlement Class demonstrates ample support for the excellent outcome reflected in the proposed Settlement.

**The Independent Fiduciary Approved the Proposed Settlement and Found that the Settlement Consideration, the Requested Attorneys' Fees, Expenses, and Service Awards Were Reasonable**

8. Pursuant the Settlement Agreement, an Independent Fiduciary was responsible for determining whether to approve and authorize the settlement of Released Claims on behalf of the ESOP.

9. Under PTE 2003-39, the regulations governing ERISA settlements, several requirements must be met in order for an ERISA-governed plan to release claims against plan fiduciaries (such as the claims asserted in this Action) in accordance with PTE 2003-39. *Id.* at 33,836-837. Among other things, PTE 2003-39 requires that an Independent Fiduciary "must consider the entire settlement, including the scope of the release of claims and the amount of any attorney's fee award" and the Independent Fiduciary must conclude that the settlement is "reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone." *Id.* at 33,836.

10. Here, the parties engaged Fiduciary Counselors, Inc. ("FCI") to serve as the independent fiduciary. As part of its investigation, the FCI team spoke at length with Class Counsel about the litigation, the proposed Settlement, and Class Counsel's evaluation of the risks and costs of litigation versus the likelihood of full recovery. Feinberg Decl. ¶ 3; Yau Decl. ¶ 3. After conducting a review of the Settlement, FCI issued a report dated July 24, 2023. A copy of the Independent Fiduciary's Report was filed at ECF 159 and is available on the Settlement website.

11. In the report, FCI, acting as an independent fiduciary to the Plan, determined that the Settlement satisfied the requirements of PTE 2003-39 and approved the terms of the Settlement on behalf of the ESOP. ECF 159. Specifically, the Independent Fiduciary concluded, "The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone." *Id.* Additionally, with respect to the Settlement's non-cash consideration, the Independent Fiduciary found that "[t]he total value to participants is well in excess of what could have been recovered in an all-cash settlement, and including the non-cash consideration is in the interest of Plan's participants and beneficiaries." *Id.*

12. Here, the Independent Fiduciary evaluated the requested attorneys' fee of approximately $2.28 million and found that, in its experience, "the percentage requested and the lodestar multiplier are well within the range of attorney fee awards for similar ERISA cases." *Id*. The Independent Fiduciary even went on to state that, "We believe that the $14,800,000 total value attributed to the Settlement consideration is reasonable and that, even if the total value were substantially lower, and therefore the requested award represented a higher percentage of the total consideration, the requested fees would be reasonable." *Id.*

13. The Report also evaluated the requested expense reimbursements and service awards to the Named Plaintiffs and found them to be "reasonable" under ERISA standards. *Id.*

14. In sum, the absence of objections and the approval of the Settlement by an Independent Fiduciary (with ERISA expertise) further supports final approval of the Settlement.

4

Dated: August 11, 2023

Respectfully submitted,

*/s/ Caroline E. Bressman*
Caroline E. Bressman (admitted pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
400 South Fourth Street ● #401-27
Minneapolis, MN 55415
Tel: (612) 807-1575
cbressman@cohenmilstein.com

Michelle C. Yau (admitted *pro hac vice*)
Daniel R. Sutter (admitted *pro hac vice*)
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
myau@cohenmilstein.com
dsutter@cohenmilstein.com

Carol V. Gilden, Illinois Bar: 6185530
190 South LaSalle Street ● Suite 1705
Chicago, IL 60603
Tel: (312) 357-0370
Fax: (312) 357-0369
cgilden@cohenmilstein.com

**FEINBERG, JACKSON, WORTHMAN & WASOW, LLP**
Nina Wasow (admitted *pro hac vice*)
Dan Feinberg (admitted *pro hac vice*)
2030 Addison Street ● Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
nina@feinbergjackson.com
dan@feinbergjackson.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 11, 2023, I caused a true and correct copy of the foregoing to be filed electronically using the Court's CM/ECF system and to be thereby served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date.

                                                          */s/ Caroline E. Bressman*
                                                          Caroline E. Bressman