IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Smith and Jerry Honse, on behalf of themselves and all others similarly situated, and on behalf of the Triad Manufacturing, Inc. Employee Stock Ownership Plan,<br><br>    Plaintiffs,<br><br>v.<br><br>GreatBanc Trust Company, the Board of Directors of Triad Manufacturing, Inc., David Caito, Robert Hardie, Michael McCormick, Elizabeth J. McCormick, Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust, Michael K. McCormick Second Amended and Restated Revocable Living Trust, David M. Caito Revocable Trust, and First Amended and Restated Robert Hardie Revocable Trust,<br><br>    Defendants. | Civil Action No.: 1:20-cv-02350-FUV<br><br>JUDGE FRANKLIN U. VALDERRAMA<br><br>MAGISTRATE JUDGE YOUNG B. KIM |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiffs James Smith and Jerry Honse, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have submitted an Unopposed Motion and Incorporated Memorandum of Law for Final Approval of Settlement set forth in the Class Action Settlement Agreement dated April 19, 2023 (the "Settlement Agreement").

On June 7, 2023, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (ECF 155). Having read and considered the

1

Settlement Agreement, the Motion and the exhibits thereto, and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class. The Court HEREBY ORDERS the following:

1. **Settlement.** Plaintiffs, on behalf of themselves and all members of the Class, and Defendants GreatBanc Trust Company ("GreatBanc" or "Trustee"), Board of Directors of Triad Manufacturing, Inc. ("Triad Board of Directors"), David Caito ("Caito"), Robert Hardie ("Hardie"), Michael McCormick (together with Caito and Hardie, "Board Defendants" or "Co-Presidents"), Elizabeth J. McCormick, Elizabeth J. McCormick Second Amended and Restated Revocable Living Trust ("EM Trust"), Michael K. McCormick Second Amended and Restated Revocable Living Trust ("MM Trust"), David M. Caito Revocable Trust ("DC Trust"), and First Amended and Restated Robert Hardie Revocable Trust ("RH Trust," together with Board Defendants, Elizabeth J. McCormick, EM Trust, MM Trust, and DC Trust, "Selling Shareholders," and together with GreatBanc, Triad Board of Directors, Board Defendants, Elizabeth J. McCormick, EM Trust, MM Trust, and DC Trust, "Defendants"), have negotiated a proposed settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Defendants and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions**. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction**. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4. **Settlement Class**. The Court certifies the following Settlement Class as: All participants in the Triad ESOP from December 17, 2015 through December 31, 2022 who vested under the terms of the Plan, and those participants' beneficiaries, excluding the individual Triad Defendants and the legal representatives, successors, heirs and assigns of any such excluded persons.

5. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

6. **Class Representatives and Class Counsel.** The Court appoints Plaintiffs James Smith and Jerry Honse as Class Representatives, and the law firms Cohen Milstein Sellers & Toll PLLC and Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel.

7. **Settlement Approval.** Pursuant to Rule 23(e), the Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects; there is no just reason for delay; and the Parties are hereby directed to perform its terms.

8. **Dismissal.** Final Judgment is hereby entered with respect to the Released Claims of all Class Members, and the Released Claims are hereby dismissed in their entirety without prejudice and without costs. The dismissal without prejudice shall not allow any Party or Class Member to reopen issues resolved by the Final Judgment. The dismissal without prejudice shall become a dismissal with prejudice sixty (60) days after entry of the Final Judgment and the case shall be closed at that time unless the Court receives notice from a Party that there is a dispute regarding the administration, consummation, enforcement, or interpretation of the Settlement. In

such case, the dismissal without prejudice shall become a dismissal with prejudice after the Court resolves the dispute regarding the Settlement.

9. **Releases.** The releases as set forth in Section XI of the Settlement Agreement are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section XI of the Settlement Agreement. The Class Members and the ESOP shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

10. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Certification of Settlement Class constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $2,279,105.00 and costs and expenses of $180,395.00. The Court has considered this application for fees and expenses separately and independently from this Judgment and the Court's approval of the Settlement. The Court finds that an award of $2,279,105.00 in attorneys' fees and $180,395.00 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

12. **Service Awards.** The Court further finds that Service Awards for Class

Representatives James Smith in the amount of $12,500 and Jerry Honse in the amount of $12,500 are fair and reasonable, and the Court approves of the Service Awards in those amounts. The Court directs the Settlement Administrator to disburse these amounts to the Class Representatives as provided in the Settlement Agreement.

13. **Settlement Administration and Independent Fiduciary Fees.** The Court further finds that settlement administration fees to Analytics Consulting, LLC, not to exceed $5,500, and independent fiduciary fees of $10,000 to Fiduciary Counselors, Inc., to be paid from the Settlement Fund, are fair and reasonable.

14. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

15. **Continuing Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose for a period of sixty (60) days after entry of the Final Judgment, unless

the Court receives notice from a Party that there is a dispute regarding the administration, consummation, enforcement, or interpretation of the Settlement, in which case the Court shall retain continuing jurisdiction until the dispute is resolved.

16. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Settlement Agreement.

17. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. **CAFA Notice.** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

19. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

20. **Action Closed.** The Clerk of the Court is hereby directed to close the Action as described in Paragraph 8.

**IT IS SO ORDERED**

Dated: August 23, 2023

THE HON. FRANKLIN U. VALDERRAMA
U.S. DISTRICT COURT JUDGE